**Refugio Gonzales OLIVAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00208–CR.**

Court of Appeals of Texas,
El Paso.

May 25, 1983.

Theodore A. Hargrove, III, San Angelo, for appellant.

William Mason, Dist. Atty., Ozona, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for possession of more than four ounces of marihuana. The court assessed punishment at ten years imprisonment. We affirm.

The first ground of error challenges the sufficiency of the evidence of Appellant's possession of the marihuana in question. No challenge is made as to the seizure of the contraband, the arrest of Appellant, or the chemical nature of the contraband as marihuana.

At 11:00 a.m., April 12, 1978, Ft. Stockton Police Officer Atkinson and Deputy Sheriff Esparza observed Appellant's vehicle and that of the Urias brothers parked next to each other at a city park. The officers recognized all these individuals and their vehicles. As they approached, the Urias brothers exited the front passenger seat and back seat of Appellant's car and returned to their own. Appellant remained in the driver's seat of his own vehicle. The officers approached the Urias brothers and, upon receiving a consent to their request, examined the trunk of that vehicle. No contraband was observed. They next walked up to Appellant's vehicle. In plain view, they observed on the back floorboard an open paper sack topped with a clear plastic bag containing a large quantity of marihuana-like material. Appellant was placed under arrest. In the unlocked glove compartment, the officers found a plastic bag containing over one ounce of marihuana. The paper sack contained two packages of marihuana, totalling 4.68 pounds. Also in the back seat was a set of scales. Appellant took the stand and admitted ownership of the small package found in the glove compartment. He denied ownership of the scales or the larger quantity of marihuana. He explained that he was in the process of purchasing an ounce of marihuana from the Urias brothers, and that he was not selling the contraband to them.

All of the marihuana was found in the vehicle owned by Appellant. No controlled substance or paraphernalia were found in the other vehicle or on the persons of the Urias brothers. Appellant admitted ownership of the smaller quantity of marihuana. The evidence clearly established an affirmative link between the marihuana and the Appellant. His defensive explanation was a matter for the jury to assess in terms of credibility. Against his version was his admission of a prior conviction for selling marihuana. Furthermore, the jury was entitled to treat his version with skepticism in light of the presence of the larger quantity of marihuana and the scales in *his* vehicle. If the Urias brothers were the sellers, and he the purchaser, one would logically expect the transaction to occur in their vehicle, thereby avoiding broad-daylight transfer of these tell-tale items to the purchaser's car. The evidence was suffi-

cient to support the jury's rejection of Appellant's explanation and its verdict of guilt. *Deshong v. State*, 625 S.W.2d 327 (Tex.Cr.App.1981); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976). Ground of Error No. One is overruled.

■ Appellant challenges the introduction of extraneous offenses during his cross-examination by the State. On direct examination, Appellant admitted smoking marihuana. On cross-examination, he was asked if he had ever sold marihuana, and a prior conviction for delivery of such substance was introduced. As a final felony conviction, this was admissible for impeachment purposes. *Taylor v. State*, 612 S.W.2d 566 (Tex.Cr.App.1981). The prosecutor then asked if Appellant had ever sold heroin. The question was improper, the record not having disclosed a final conviction for such conduct and the matter not having been opened by any exception to the general prohibition on the use of extraneous offenses. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972). The court improperly overruled the defense objection. In any event, Appellant responded that he had not. No effort was made to impeach at that time and the matter was dropped. On redirect, counsel asked his client if he had "learned his lesson" during his previous incarceration in the penitentiary. Upon objection by the State, counsel clarified his question by referring specifically to "dealing." Appellant responded that he had learned "not to get in dealing no more dope, marihuana." Upon further questioning by his own counsel, he testified twice that he had never dealt in heroin. On recross, the State then inquired as to two separate unprosecuted deliveries, one of heroin and one of marihuana to undercover narcotics agents. The sequence of questioning and revelation of these extraneous offenses does not disclose an instance of the State opening its own doorway to impeachment. *Livingston v. State*, 589 S.W.2d 395 (Tex.Cr.App.1979). The preliminary foray into this area by the State was an abstract question which did not reveal any actual extraneous offense. The Appellant's response was negative and the matter was dropped. Appellant took

the initiative on later redirect examination to open the door by making sweeping claims of his rehabilitation and non-involvement with heroin. *Heckert v. State*, 612 S.W.2d 549 (Tex.Cr.App.1981); *Nelson v. State*, 503 S.W.2d 543 (Tex.Cr.App.1974); *Haggerty v. State*, 490 S.W.2d 858 (Tex.Cr.App.1973). Ground of Error No. Two is overruled.

Ground of Error No. Three contends that Appellant was denied reasonably effective assistance of counsel at trial. *Passmore v. State*, 617 S.W.2d 682 (Tex.Cr.App.1981); *Blott v. State*, 588 S.W.2d 588 (Tex.Cr.App. 1979). We note at the outset that there is no suggestion in the record of a relationship between trial counsel J.F. Urias and the Urias brothers who were arrested with the Appellant. No conflict of interest issue is raised.

■ Three alleged errors are suggested as a basis for this claim: (1) allowing Appellant to take the stand and expose himself to impeachment by prior conviction, (2) failure to request jury assessment of punishment, and (3) by supplemental brief, a floundering and prejudicial effort to examine the prosecutor in the presence of the jury. These alleged errors are nowhere developed in the record, by bill of exception, affidavit of Appellant, motion for new trial or otherwise. The question of whether or not to testify on one's own behalf is ultimately to be decided by the client. The record does not disclose improper advice by counsel or an overbearing of Appellant's reluctance to testify. We have already concluded that the State presented sufficient evidence to support a jury verdict without Appellant's testimony or the impeachment material. As a practical or tactical matter, Appellant was faced with a baggie of marihuana in his glove compartment and a set of scales and over four pounds of marihuana in the back seat. His taking the stand to present a defensive explanation was a desperate but probably necessary step, despite the existence of an admissible prior conviction. No error is shown in this regard on the part of trial counsel. *Curtis v. State*, 500 S.W.2d 478 (Tex.Cr.App.1973); *Newton v. State*, 456 S.W.2d 939 (Tex.Cr. App.1970).

■ Counsel did not request jury assessment of punishment, and Appellant did receive maximum punishment at the hands of the judge. On its face, this too fails to demonstrate ineffective assistance of counsel, clearly falling within the tactical discretion of the attorney. From a prospective standpoint, an experienced trial judge, repeatedly exposed to prior criminal records, might exhibit more leniency than a Fort Stockton jury first convicting Appellant of possession in a commercial context and then being advised of his prior conviction for the same offense. The decision to permit the court to assess punishment is not an instance of ineffective representation. *Hunnicutt v. State,* 531 S.W.2d 618 (Tex.Cr.App. 1976).

■ The attempted examination of the prosecutor does not present such ineffective assistance as to justify reversal. It did not aid in the defense, but no effort has been made to ascertain or present to this Court the effect of such an effort upon the minds of the jurors. It is not rare to observe opposing counsel engage in irrelevant, immaterial excesses of adversarial conflict, and it is likely that the jury dismissed the incident with that view. Certainly, no harm to Appellant has been demonstrated.

■ By supplemental brief, Appellant has sought to present this Court with an affidavit of the trial judge, expressing his opinion that trial counsel's representation was ineffective.[1] The affidavit is not properly part of the record and its contents are therefore not cognizable by this Court. *Pollan v. State,* 612 S.W.2d 594 (Tex.Cr.

App.1981). Why the trial judge would provide such an affidavit and yet not have granted a new trial on his own motion or grant Appellant's motion for new trial is a cause for concern. This concern is reinforced by the failure of the State to even provide a brief in this cause and the recitation in the supplemental brief that the District Attorney has also executed an affidavit expressing the opinion that trial counsel's representation was ineffective. However, such affidavit "Exhibit B" was not attached to the supplemental brief or presented to us. In any event, the record discloses that Appellant in this case received reasonably effective assistance of counsel. Ground of Error No. Three is overruled.

The judgment is affirmed.

1.                    AFFIDAVIT
THE STATE OF TEXAS )
COUNTY OF CROCKETT )
   The undersigned, being first duly sworn, upon his oath states as follows:
   "My name is TROY D. WILLIAMS, and I am the presiding Judge of the 112th Judicial District Court of Texas.
   "On November 7, 1979, I was the trial Judge presiding in "THE STATE OF TEXAS VS. REFUGIO GONZALES OLIVAS", No. 1130, in the 112th Judicial District Court of Pecos County, Texas. I was present during the entire trial and observed the representation given to the Defendant by J.F. URIAS, Attorney at Law. It

is my opinion that Mr. Urias was most ineffective and that his ineffectiveness deprived the Defendant of his right to effective counsel as guaranteed by the Sixth Amendment to the Constitution of the United States."
   SIGNED this the 19th day of July, 1982.
                /s/ Troy D. Williams
                TROY D. WILLIAMS
   SWORN TO AND SUBSCRIBED BEFORE ME, by the said TROY D. WILLIAMS, on this the 19th day of July, 1982.
                /s/ Debra Price
                Notary Public in and for
                the State of Texas