In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00021-CR


______________________________




ROY GEORGE THOMAS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 182nd Judicial District Court


Harris County, Texas


Trial Court No. 841450




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Roy Thomas was convicted by a jury for possession, with intent to deliver, of more
than four grams but less than 200 grams of cocaine. The indictment alleged one prior
felony conviction for enhancement of punishment. The court assessed Thomas'
punishment at thirty years' imprisonment. Thomas appeals, alleging nineteen instances
of ineffective assistance of counsel at the guilt/innocence phase of his trial and three
instances of ineffective assistance at the punishment phase. 

 The sufficiency of the evidence is not challenged. That evidence showed that
Thomas was either sitting in a vehicle, (1) or standing in the open doorway of a vehicle,
parked near a duplex located at 7406 Lockwood in Houston when the police were in the
process of executing a search warrant on premises at that location. An officer observed
Thomas make a gesture toward the console of the vehicle, leave the vehicle, and run into
some woods, where he was apprehended. On the console of the vehicle where Thomas
had been sitting or standing, the officers found cocaine, a cutting implement, some
matches, and a cold can of beer. The quantity of cocaine found was determined to be
23.65 grams. Photographs of the vehicle in which the cocaine was found showed the
words "crack king" scratched on its side. Other facts will be noted in the discussion to
follow.

 The record shows that Thomas had two attorneys before trial and that the second
attorney was appointed by the court. The record further shows that neither of these
attorneys represented Thomas at trial. There is some indication in the record that Thomas
also had two attorneys at trial. Thomas' brief states that one of his lawyers was appointed
and that counsel who represented him at trial was retained. Thomas' statements
concerning his counsel are not disputed by the State.

 The standard for determining claims of ineffective assistance of counsel is set forth
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which
has been adopted for Texas constitutional claims in Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986). An appellant must establish by a preponderance of the
evidence that: 1) representation by the appellant's counsel fell below an objective standard
of reasonableness; and 2) the deficient performance prejudiced the appellant's defense. 
This requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant under the Sixth Amendment and
that there was a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different. A "reasonable probability" is a
probability sufficient to undermine confidence in the outcome. Failure to demonstrate
either deficient performance or prejudice defeats an ineffectiveness claim. Any allegation
of ineffective assistance must be firmly grounded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. We indulge in a strong presumption
that counsel's performance falls within a wide range of reasonable representation. We do
not second-guess, through hindsight, counsel's trial strategy, nor will the fact that another
attorney may have handled things differently support a finding of ineffectiveness. Tong v.
State, 25 S.W.3d 707 (Tex. Crim. App. 2000); Smith v. State, 51 S.W.3d 806, 812-13 (Tex.
App.-Texarkana 2001, no pet.). We are to look at counsel's representation as a whole;
however, a single, critical error may be sufficient to render counsel's performance
ineffective. Davis v. State, 930 S.W.2d 765, 767 (Tex. App.-Houston [1st Dist.] 1996, pet.
ref'd).

ALLEGED ERRORS AT GUILT/INNOCENCE

 We will refer to Thomas' specific complaints by the number referenced in his brief.

 1. Failure to file pretrial motions. Thomas contends his attorneys were
ineffective for the failure to file pretrial motions, including a motion to suppress, motions for
discovery, a motion to disclose the identity of the informer and to disclose any agreement
the State may have had with such informer, "or any other motions." 

 Thomas fails to point us to any matters in the record which could have been
discovered by such pretrial motions. There is also no showing of what type of informal
discovery may have been undertaken by defense counsel. Absent such showing, Thomas
has not demonstrated ineffective assistance with regard to such pretrial findings. 
Passmore v. State, 617 S.W.2d 682, 685 (Tex. Crim. App. [Panel Op.] 1981), overruled
on other grounds, Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988). Where an
appellant makes no showing that a ruling on pretrial motions would have changed anything
in the case, he has failed to establish ineffective assistance. Roberson v. State, 852
S.W.2d 508, 511 (Tex. Crim. App. 1993). The mere failure to file an appropriate pretrial
motion shall not be categorically deemed as ineffective assistance of counsel. Madden v.
State, 911 S.W.2d 236, 241 (Tex. App.-Waco 1995, pet. ref'd); Jaile v. State, 836 S.W.2d
680, 687 (Tex. App.-El Paso 1992, no pet.). In Gallegos v. State, 754 S.W.2d 485 (Tex.
App.-Houston [1st Dist.] 1988, no pet.), the appellant contended his trial counsel was
ineffective because he failed to file any pretrial motions except a motion for the trial court
to assess punishment. The Houston court held that, because the appellant failed to
provide proof of any exculpatory evidence that would have been discoverable by such a
motion or proof there was no informal discovery undertaken, he had made no showing of
ineffective assistance. Id. at 487. 

 Thomas cites Jackson v. State, 921 S.W.2d 809 (Tex. App.-Houston [14th Dist.]
1996), in which the court held trial counsel was ineffective for the failure, among other
things, to file a motion to suppress. Id. This case, however, was reversed by the Texas
Court of Criminal Appeals in Jackson v. State, 973 S.W.2d 954 (Tex. Crim. App. 1998),
which held that, in order to satisfy the Strickland standard for ineffective assistance, an
appellant is obliged to prove a motion to suppress would have been granted. Id. at 957. 

 In United States v. Chavez-Valencia, 116 F.3d 127, 134 (5th Cir. 1997), the federal
court of appeals stated that failure to file a suppression motion does not constitute per se
ineffective assistance of counsel. It noted that such failure may be a strategic decision and
that defense counsel is under no obligation to file a suppression motion in every case
involving evidence or statements obtained after a search. The court further stated counsel
must use "professional discretion" in determining whether there are sufficient grounds for
such a motion. 

 Thomas has failed to demonstrate from the record his trial attorneys were ineffective
for failure to file pretrial motions.

 2. Failure to make an opening statement. Thomas contends his attorneys were
ineffective for failure to make an opening statement. As noted earlier, any complaints of
ineffective assistance must be firmly grounded in the record. There is also a presumption
that counsel's trial decisions were formulated based on sound trial strategy, which an
appellant is required to rebut to establish ineffective assistance. Cardenas v. State, 30
S.W.3d 384, 391 (Tex. Crim. App. 2000). (2) Since there was no motion for new trial, we do
not have the benefit of counsel's reasons for their decision to not give an opening
statement. Thomas has failed to rebut the presumption that such decision was based on
sound trial strategy. Since giving an opening statement gives the state a preview of the
defense strategy, the failure to give an opening statement has been held to be a valid
tactical decision. Standerford v. State, 928 S.W.2d 688, 697 (Tex. App.-Fort Worth 1996,
no pet.).

 Thomas has not established his trial attorneys were ineffective for failure to make
an opening statement.

 3. Cross-examination regarding a confidential informant. Thomas contends his
attorneys were ineffective for failing to cross-examine a police officer regarding the identity
of a confidential informant. A police officer testified on cross-examination that, at some
time before the search of the premises where Thomas was first observed, he and an
informant had gone to that same location to purchase crack cocaine. No questions were
asked by Thomas' counsel regarding the identity of this informant. 

 Tex. R. Evid. 508 sets out the informer's identity privilege in this state. Specifically,
Rule 508(c)(2) states that, if it appears from evidence or other showing by a party that an
informer may be able to give testimony necessary to a fair determination on guilt or
innocence in a criminal case, and the public entity invokes the privilege, the court shall give
the public entity the opportunity to show in camera facts relevant to a determination of
whether the informer can, in fact, supply such testimony. The informer's testimony must
significantly aid the defendant, and mere conjecture or supposition about possible
relevance is not sufficient. Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991);
see Hernandez v. State, 956 S.W.2d 699, 702 (Tex. App.-Texarkana 1997, no pet.). As
we stated in Hernandez, the burden is set low, but it is not insubstantial. Hernandez, 956
S.W.2d at 702.

 Thomas does not point to any specific facts to which this undisclosed informant
could have testified that would have been necessary to a fair determination of Thomas'
guilt or innocence in this case. Neither does he point to any facts that would be better
understood if such informer were required to testify. He fails to inform us as to how his
defense posture would have improved. Absent such showing, Thomas' counsel would not
be entitled to assert an exception to the State's privilege against disclosure of its
confidential informant. Therefore, his attorneys were not constitutionally ineffective for not
pursuing the matter. (3) There is nothing in the record showing counsel's reasons for not
pursuing disclosure of the identity of the informant. We presume that proper trial strategy
was the reason behind counsel's tactical decision.

 4. Failure to ask police officers to produce a copy of the search warrant about
which they testified and to which they referred during their testimonies. The record shows
Thomas' counsel conducted an extensive cross-examination of Officer James Lockley
regarding the warrant. During this questioning, Lockley testified that the target residence
for the search was 7406 Lockwood, that Thomas' name was not on the warrant, that the
warrant referred generally to anyone who may be found in possession of a controlled
substance, that Thomas was not in the residence the officers intended to search, that he
had no reason to believe Thomas was in possession of cocaine at the time of the
execution of the search warrant, that there was no probable cause to arrest Thomas at the
time of the execution of the search warrant, and that the warrant contained a physical
description of a black male, 30-35 years of age, 5'8" tall, weighing 160-165 pounds. 
Thomas does not state what additional information, beneficial to his case, would have been
gleaned from introducing the warrant into evidence. As with other allegations of ineffective
assistance, the record contains no evidence of the tactical considerations of counsel in not
introducing the warrant into evidence. We cannot find that counsel's performance in this
regard constituted ineffective assistance.

 5. Failure to effectively cross-examine regarding Thomas' alleged "overt
gesture." Thomas' fifth claim of ineffective assistance asserts that counsel failed to
effectively cross-examine a prosecution witness about the alleged "overt gesture" made
by Thomas. 


 Lockley, the officer in charge of executing the warrant, did not personally observe
Thomas do anything that would have given him probable cause to arrest Thomas. Officer
Jim Atkins was part of a perimeter team which assisted the officers who executed the
warrant. As the officers started running toward the house to be searched, Atkins observed
Thomas standing in the doorway of a vehicle parked nearby. He testified he observed
Thomas make "an overt gesture towards the center of the console of that vehicle" and then
run away on foot. On direct examination by the prosecutor, Atkins elaborated on the "overt
gesture," describing it as either reaching or throwing and as moving his hands toward the
center console. Atkins also testified Thomas may have been reaching for a weapon. 
Atkins later testified that in his opinion, based on his training and experience as a police
officer, Thomas probably threw the narcotics on the console as the officers approached. 
Defense counsel's initial cross-examination was directed at Atkins' observations. On
recross-examination, Atkins admitted he did not know what Thomas threw or reached for
in his "overt gesture." In closing argument, Thomas' counsel argued that the presence of
a group of police officers with weapons drawn caused Thomas to panic. Counsel pointed
out that Lockley did not personally observe Thomas in possession of the cocaine and that
Lockley testified he had no probable cause to arrest Thomas from his own observation. 
Counsel also argued at length regarding the "overt gesture" and how Atkins' testimony
could not establish Thomas had committed a crime.

 Absent evidence regarding counsel's trial strategy, this Court is required to presume
counsel had a legitimate reason for his actions. Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.-Amarillo 1998, pet. ref'd). Our review of the record indicates counsel rendered
reasonably effective assistance. Counsel questioned Lockley and Atkins regarding the
panic Thomas would have felt when approached by an armed group of police officers. 
Thomas does not indicate, nor can we speculate, on what additional information or further
impeachment would have occurred by further questioning of Atkins. We cannot find any
prejudice to Thomas from counsel's failure to further cross-examine Atkins. 

 The amount of cross-examination does not prove ineffective assistance, particularly
when the appellant fails to show what could have been achieved by further cross-examination. Matthews v. State, 830 S.W.2d 342, 347 (Tex. App.-Houston [14th Dist.]
1992, no pet.). Where defense counsel achieves some success in impeachment of an
adverse prosecution witness, there is no ineffective assistance. Reed v. State, 885 S.W.2d
275, 281 (Tex. App.-Beaumont 1994, no pet.); see Russell v. Collins, 944 F.2d 202, 206
(5th Cir. 1991); Martin v. McCotter, 796 F.2d 813, 818 (5th Cir. 1986). We find no
ineffective assistance in this regard.

 6. and 7. Cross-examination concerning the search warrant and introduction of
the warrant into evidence. Thomas' sixth complaint concerns counsel's failure to cross-examine the police officer about: 1) the search warrant's failure to include the vehicles at
the residence described in the warrant; and 2) the exact address at the multi-residence
complex described in the warrant. His seventh complaint is of counsel's failure to introduce
the warrant into evidence. 

 Thomas has failed to cite any authority specifically addressing his contentions
regarding these two alleged omissions by his counsel. Further, he has not shown how he
was harmed by any such failure, i.e., he has failed to show what additional information,
beneficial to him, would have been brought to the attention of the trier of fact through
additional cross-examination or by introduction of the warrant into evidence. 

 Counsel was able to elicit substantial testimony concerning the content of the search
warrant. Lockley testified:

 -that the warrant specified a location at 7406 Lockwood;

 -concerning the general area of the county where the Lockwood address is located;

 -that the search warrant did not list specific individuals, but did specify "any person
that may be found in possession of a controlled substance";

 -that Thomas was not inside the residence the police intended to search;

 -that he saw Thomas sitting or standing in the vehicle during execution of the
warrant;

 -that Thomas was not the owner of the vehicle; 

 -that he did not personally observe Thomas do anything that would have given him
probable cause to arrest Thomas; and 

 -that, based on what he personally observed, there was no reason to search the
vehicle.

 In Matlock v. State, 20 S.W.3d 57 (Tex. App.-Texarkana 2000, pet. ref'd), we held
the appellant could not prevail on a claim of ineffective assistance of counsel simply
because counsel failed to introduce into evidence a police report that demonstrated a
witness' account of the events, which varied from her testimony in court. The record
showed counsel tried to confront the witness with the report, but the trial court would not
permit the witness to read from the report. The witness, however, did acknowledge the
report varied from her testimony. Id. at 60.

 Since the search warrant did not name Thomas specifically, Thomas contends this
fact made his arrest illegal and his attorneys were therefore ineffective for not introducing
the warrant into evidence. In order to effectuate a full custodial arrest without a warrant,
a police officer must have probable cause to believe the person arrested has committed
or is committing a crime. Probable cause to arrest exists where the facts and
circumstances within the arresting officer's knowledge and of which he has reasonably
trustworthy information are sufficient of themselves to warrant a person of reasonable
caution to believe an offense has been committed. The "probable cause" determination
is viewed from "the totality of the circumstances." The reviewing court must look at the
totality of the circumstances to determine if a substantial basis exists for concluding
probable cause existed at the time of the questioned arrest. Sandoval v. State, 35 S.W.3d
763, 767 (Tex. App.-El Paso 2000, pet. ref'd). In addition to the officer's background
knowledge, such as a tip from a reliable informant or knowledge that a suspect is located
in an area known for criminal activity, Hillsman v. State, 999 S.W.2d 157, 159 (Tex.
App.-Houston [14th Dist.] 1999, pet. ref'd); Reynolds v. State, 962 S.W.2d 307, 309 (Tex.
App.-Houston [14th Dist.] 1998, pet. ref'd), factors such as furtive gestures by the suspect,
Cote v. State, 682 S.W.2d 380, 384 (Tex. App.-Austin 1984), pet. ref'd, 711 S.W.2d 240
(Tex. Crim. App. 1985) (per curiam), or flight from the scene may be circumstances
properly considered. Crowley v. State, 842 S.W.2d 701, 703 (Tex. App.-Houston [1st
Dist.]), pet. ref'd, 830 S.W.2d 613 (Tex. Crim. App. 1992) (per curiam). (4)

 Atkins testified he was participating in a raid at a location where narcotics were
known to be sold. He was given a general description of an individual who might be
located at the address. He personally observed a suspicious movement by Thomas, who
was standing in the doorway of a vehicle located near that address. Atkins further testified
that he observed Thomas flee from the police and that he pursued and apprehended him. 
Atkins was at a place where he had a right to be and where he could observe Thomas'
activities. After apprehending Thomas, Atkins returned to the vehicle where he had first
seen Thomas. The cocaine was in plain view on the console of that vehicle. 

 We find Thomas' arrest and the seizure of the cocaine were within constitutional
limits. Thomas' sixth and seventh complaints are overruled.

 8. Failure to move for an instructed verdict at the close of the case. Thomas
contends his attorneys were ineffective because they failed to move for an instructed
verdict at the close of the case. In Charleston v. State, 33 S.W.3d 96 (Tex.
App.-Texarkana 2000, pet. ref'd), in response to a similar contention, we stated:

 We have determined [earlier in the opinion] that the jury's verdict
convicting Charleston of aggravated assault is based on legally and factually
sufficient evidence; therefore, the failure of Charleston's trial attorney to
move for a directed verdict did not prejudice his defense, and the claim of
ineffective assistance of counsel fails. 

 

Id. at 101.

 Thomas does not challenge the legal or factual sufficiency of the evidence against
him. He has therefore failed to prove by a preponderance of the evidence that his
counsel's failure to move for a directed verdict fell below an objective standard of
reasonableness and that the deficient performance prejudiced his defense. See id. 

 9. Failure to interview defense witness Kelvin Wheatfall before he testified. 
Thomas contends his attorneys were ineffective for failing to interview defense witness
Kelvin Wheatfall before calling him to testify.


 The record shows Thomas was represented by two attorneys at trial, Scott F.
Tenney and Gerald Scheve. Wheatfall's direct examination was conducted by Tenney, in
relevant part, as follows:

 Q You and I have never had a chance to speak before right now;
is that correct?


 A That's true.

 

 Q You have had an opportunity to talk to Mr. Gerald Scheve; is
that right?


 A Yes.


 Since the record demonstrates that co-counsel did interview this witness before trial,
and since Thomas has failed to show how his case was prejudiced or how he was harmed
from this alleged instance of ineffective assistance, we overrule this contention.

 10. Calling Wheatfall as a witness, because his testimony was more harmful than
helpful. Wheatfall has a criminal record, and this undoubtedly presented credibility
problems. However, he testified concerning the events the day of Thomas' arrest, and his
testimony was generally favorable to Thomas. He identified the vehicle parked near the
premises to be searched, but testified he did not observe any activity around the vehicle. 
He testified he did not know who owned that vehicle. He testified that he was acquainted
with Thomas, but that he saw no connection between the vehicle and Thomas. He
admitted he panicked and ran when the police approached and that he was stopped, but
was not arrested. 


 The burden is on the appellant in an ineffective assistance claim to demonstrate that
the calling of a witness was not the exercise of sound trial strategy. It may be the calling
of a witness might end up harming the defense, but a conscious strategic or tactical trial
decision is not unreasonable simply because 20/20 hindsight might lead another attorney
to opt otherwise. Buckley v. Collins, 904 F.2d 263, 265 (5th Cir. 1990); see also Jones v.
State, 37 S.W.3d 552, 555 (Tex. App.-Beaumont 2001, no pet.).

 Thomas' attorneys were not ineffective for calling a witness who testified favorably
for him.

 11. Calling Waymond Boyd as a witness. Boyd testified on direct examination
he had never known Thomas to sell drugs, which opened the door to Thomas' prior drug-related arrests and convictions, which were brought out during the prosecutor's cross-examination. However, Boyd's testimony was generally favorable to Thomas. He testified
that, although he saw the vehicle parked at the location in question, Thomas was not in
that vehicle. He testified that he had never seen the vehicle before and that he did not see
the driver. He testified Thomas was on the premises when the police conducted the
search, but was not selling narcotics. When the police approached, Thomas walked-but
did not run-toward the woods. Boyd observed no crack cocaine inside the truck. Contrary
to Atkins' testimony, Boyd testified the doors to the vehicle were closed when the police
approached. Boyd further testified the words "crack king" were not scratched into the side
of the vehicle until after the police arrived. 

 It is a legitimate strategy for counsel not to put even favorable witnesses on the
stand where there is a risk of opening the door to unfavorable testimony on cross-examination. In Williams v. Collins, 16 F.3d 626, 631-32 (5th Cir. 1994), the appellate
court refused to second-guess counsel's trial strategy at the punishment phase of a capital
murder trial, of not putting on character witnesses for his client, as these witnesses were
aware of the defendant's prior juvenile and criminal records, gang affiliation, etc. Putting
them on the stand would have opened the door to such information. See also Muniz v.
State, 851 S.W.2d 238, 259 (Tex. Crim. App. 1993). On the other hand, failure to call
witnesses who know facts that would benefit the defendant and who were able to testify
is hard to excuse or attribute to sound trial strategy. See Heard v. State, 887 S.W.2d 94,
102 (Tex. App.-Texarkana 1994, pet. ref'd); Everage v. State, 893 S.W.2d 219, 222-23
(Tex. App.-Houston [1st Dist.] 1995, pet. ref'd) (failure to call witnesses whose testimony
would have been helpful to defendant may constitute ineffective assistance). 

 There is also the question of whether counsel should have asked Boyd about
Thomas' past association with drugs. On direct examination, Thomas' attorney asked
Boyd if Thomas had a drug problem, to which Boyd responded in the negative. Boyd was
also asked if he had ever seen Thomas sell narcotics, to which Boyd also responded in the
negative. 

 In White v. State, 999 S.W.2d 895 (Tex. App.-Amarillo 1999, pet. ref'd), the
appellant alleged his trial counsel was ineffective for questioning his mother at punishment
as to whether her son had been arrested for anything in the past two years. This opened
the door for the prosecution to ask her about her son's pending repeat driving while
intoxicated offense, which could not have been introduced otherwise. Noting there was no
record demonstrating counsel's motives, the court found no basis to "jettison the controlling
presumption" that counsel's decision was reasonable and motivated by sound trial strategy.
Id. at 900. Sometimes the calling of a defense witness to provide some explanation for a
defendant's conduct may be considered a "desperate but probably necessary step,"
despite the existence of prior convictions that could be elicited on cross-examination. 
Olivas v. State, 652 S.W.2d 606, 608 (Tex. App.-El Paso 1983, no pet.). 

 Because we have no record that provides an explanation for counsel's decision to
call Boyd as a witness and to question him whether Thomas had a drug problem or if he
had ever observed Thomas selling drugs, anything in the way of possible trial strategy
would be mere speculation, which cannot form the basis of an ineffective assistance claim. 
See White, 999 S.W.2d at 900. This contention is overruled. 

 12. Failure to object to improper "have you heard" questions by the prosecutor
in the impeachment of Boyd. As noted above, defense counsel asked Boyd on direct
examination if Thomas had a drug problem and if he had ever seen Thomas sell narcotics,
to which questions Boyd responded in the negative. The prosecutor then asked Boyd on
cross-examination if he had heard that Thomas was convicted in 1999 of possession of a
controlled substance and whether he had heard, or was aware, that Thomas had been
arrested for drug possession. Thomas contends these were improper questions and his
attorneys were constitutionally ineffective for failing to object.

 When a defense witness presents a picture that the defendant is not the type of
person to commit the charged offense, the prosecution may impeach the defense witness'
testimony by the introduction of similar extraneous offenses. By raising a defensive theory,
the defendant opens the door for the state to offer rebuttal testimony regarding an
extraneous offense if the extraneous offense has common characteristics with the offense
for which the defendant is on trial. Roberts v. State, 29 S.W.3d 596, 601 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd). There are three basic methods of proving
character: 1) reputation of the person in the community; 2) personal opinion testimony of
witnesses who know the person; and 3) specific instances of conduct from which
inferences may be drawn. Hedicke v. State, 779 S.W.2d 837, 839 (Tex. Crim. App. 1989). 
It is fundamental that reputation witnesses may be impeached with "have you heard"
questions, whereas opinion witnesses may be impeached with "did you know" questions. 
Blevins v. State, 884 S.W.2d 219, 229 (Tex. App.-Beaumont 1994, no pet.).

 The cross-examination to which Thomas contends his counsel should have objected
was as follows:

 Q [By the prosecutor] You stated that you would know if he
[Thomas] had possessed drugs?

 

 A [By witness Boyd] At this time.

 

 Q Okay.

 

 A Yes, ma'am, I would.

 

 Q You stated - - when defense counsel asked you, you said you
have never seen him [Thomas] sell drugs?

 

 A No, I haven't.

 

 Q I asked him, have you ever seen him possess drugs?

 

 A Yes, I haven't.

 

 Q All right. 

 Now, isn't it true or have you heard that the defendant was
convicted of possession of a controlled substance in 1999?

 

 A I heard that, yes. 

 

 Q You heard that?

 

 A Yes. 

 

 Q And he was sentenced to seven months in the state jail?

 

 A I heard that, yes, ma'am.

 

 Q So that's, that's an example of when he possessed drugs and
you didn't know about it? 

 

 A Yes.

 

 Q Okay. 

 And this is an example of another time he may have possessed
drugs and you just didn't know about it; is that right?

 

 A Well, it's true but - -

 

 Q It's true?

 

 A Okay.

 

(Emphasis added.)

 It is clear the State was impeaching opinion testimony, rather than reputation
testimony, even though the prosecutor included the words "have you heard" in asking the
initial impeaching question. However, the prosecutor used the more appropriate words,
"did you know," in the two follow-up questions. The subject matter of the questions was
within the bounds of proper cross-examination. 

 13., 14., 15., and 16. Failure to object to alleged improper jury argument by the
prosecutor. Thomas points to what he contends was improper closing argument made by
the prosecutor and contends his attorneys were ineffective because they failed to object.

 In general, proper areas of jury argument are: 1) summation of the evidence; 2)
reasonable deduction from the evidence; 3) answer to argument by opposing counsel; and
4) plea for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App.
2000), cert. denied, ___ U.S. ___, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). Even when
argument exceeds the permissible bounds of these approved areas, such will not
constitute reversible error unless, in light of the record as a whole, the argument is extreme
or manifestly improper, violates a mandatory statute, or injects new facts harmful to the
accused into the proceedings. The remarks must have been a willful and calculated effort
on the part of the state to deprive the defendant of a fair trial. Id.; see also Alexander v.
State, 919 S.W.2d 756, 763-64 (Tex. App.-Texarkana 1996, no pet.). 

 As a general rule, a defendant's failure to object to improper jury argument, or failure
to pursue the objection to an adverse ruling, forfeits his or her right to complain about such
argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). 
However, isolated instances of counsel's failure to object to improper jury argument
ordinarily do not reflect ineffective assistance. Wilson v. State, 646 S.W.2d 472, 474 (Tex.
App.-Houston [1st Dist.] 1982, no pet.). Even if it is determined that counsel's failure to
object falls outside reasonable professional norms, in order for there to be prejudice, the
reviewing court must be able to say that, given the totality of counsel's representation,
absent this error the outcome of the trial would have been different. McFarland v. State,
845 S.W.2d 824, 844 (Tex. Crim. App. 1992).

 As we examine the alleged instances of improper jury argument, we must determine
whether the argument was proper, and if not proper, whether counsel should have
objected. In making this determination and assessment, we are required to view counsel's
performance as a whole. As required by Strickland, we must then determine whether
Thomas was prejudiced by the failure to object. 

 In complaints 13., 14., and 16., Thomas contends his counsel did not object when
the prosecutor mentioned, during closing argument, Thomas' prior arrest-during the same
year-for an offense similar to the one for which he was charged in this case. (5) The State
concedes the remark injected facts outside the record. (6) Similarly, the prosecutor later
argued, without objection, the following: 

 If for some reason having a blue pen was illegal and the policeman
walked in, what's the first thing I'm going to do? I don't have a blue pen. I
don't know what you are talking about. And what are my friends going to
say? No, Valerie, she would never have a blue pen, she's a very nice
person. Well, what if I have been convicted of having blue pens, what are
you going to think then?

 

Thomas contends these remarks improperly argue to the jury he should be convicted of
this charge because he has been found guilty of a similar charge in the past. 

 In his sixteenth complaint, Thomas contends his counsel should have objected
when the prosecutor argued she hoped the jury would not believe Thomas' best friend,
who had testified he did not know anything about Thomas selling drugs, and then urged
the jury to: 

 believe those officers and you don't believe his best friend and you don't
believe somebody with two theft convictions, one of them being a felony, and
you realize that he's been caught with cocaine before but his friend first says,
oh, no, I don't know anything about that, I don't know anything about him
possessing or selling drugs. Well, you know what, you do. A year ago he
was caught with it, and he admits that.


 Thomas contends counsel was ineffective for failure to object to this argument,
since it was clearly a plea by the prosecutor to convict him for being a criminal generally. 

 It is improper for a prosecutor to assert the accused is guilty of crimes not alleged
in the indictment or supported by the evidence. Pittman v. State, 9 S.W.3d 432, 435 (Tex.
App.-Houston [14th Dist.] 1999, no pet.); Reed v. State, 991 S.W.2d 354, 363 (Tex.
App.-Corpus Christi 1999, pet. ref'd). However, improper prosecutorial comments and
misstatements do not amount to constitutional errors. Under Tex. R. App. P. 44.2(b), such
errors are to be disregarded unless they affect the accused's substantial rights. Three
factors are examined in jury argument errors to determine whether reversible error has
occurred: 1) severity or magnitude of the remarks; 2) measures taken to cure the
misconduct; and 3) certainty of the conviction absent the misconduct. Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998); Pittman, 9 S.W.3d at 435. In this appeal, where
the sole issue is ineffective assistance of counsel, there were no measures to cure the
misconduct. So we focus on the strength of the State's case and the severity of the
remarks. 

 Only Atkins saw Thomas make an overt gesture in the general direction of the
console of the vehicle. Atkins testified it was his opinion, based on experience, that
Thomas possessed the narcotics and threw them on the console as the police approached. 
However, on cross-examination, Atkins testified he really did not know what Thomas
"overtly" reached for or threw. Lockley, the officer in charge of executing the search
warrant, testified he did not observe Thomas do anything at the time they were in the
process of executing the search warrant that would give him probable cause to arrest
Thomas. Thomas then ran and was caught, after which the cocaine on the console was
discovered. There was also evidence that the words "crack king" were scratched into one
side of the vehicle where Thomas was first observed. However, Thomas did not own the
vehicle, and the owner was not disclosed in the State's case. No one observed Thomas
in actual physical possession of the cocaine. The prosecutor referred in her closing
argument to a previous arrest and other offenses attributed to Thomas. She also referred
to evidence of Thomas' guilt: his physical proximity to the cocaine, an "overt gesture," and
his fleeing the scene. 

 Defense counsel argued Thomas fled the scene because of panic at the show of
force by the police. Also, defense witnesses testified they had no knowledge Thomas was
ever involved with narcotics. The State contends the prosecutor's reference to Thomas'
criminal record was in response to defense counsel's argument concerning why Thomas
fled the scene. The State contends the prosecutor was arguing Thomas fled because of
his previous arrests and convictions for possession of drugs. 

 While the prosecutor is entitled to respond to points raised by defense counsel in
closing argument, such response must not refer to evidence outside the record. Akin v.
State, 981 S.W.2d 297, 300-01 (Tex. App.-Texarkana 1998, no pet.); Davis v. State, 964
S.W.2d 14, 17 (Tex. App.-Tyler 1997, pet. ref'd). We find that the prosecutor's argument
was error and that defense counsel did not act in a reasonably professional manner by not
objecting. However, we do not find the prosecutor engaged in a willful and calculated effort
to deprive Thomas of a fair trial. See Wesbrook, 29 S.W.3d at 115. Neither can we find,
based on defense counsel's performance as a whole, that Thomas was prejudiced by this
error. We believe that counsel effectively argued as a whole the weakness of the State's
case and that Thomas' guilt was properly determined by the jury. 

 In Thomas' fifteenth complaint of ineffective assistance, he contends his counsel
should have objected to that portion of the State's closing argument in which the
prosecutor told the jury the police went to 7412 Lockwood because Lockley had made an
undercover purchase of crack cocaine there earlier. Thomas contends this was outside
the record and thus improper jury argument. Lockley testified the place of execution of the
search warrant was 7406 Lockwood and that it was part of a duplex. He had gone to "that
location" (i.e., the location specified in the warrant) to make an undercover purchase. In
his closing argument, defense counsel referred to the vehicle in question as being located
at 7406 and 7412 Lockwood. 

 Although the evidence does not show the address of the previous undercover
purchase was 7412, as opposed to 7406, it does show a previous purchase was made at
the location where the police were intending to conduct a search. Defense counsel made
no differentiation between the two addresses in his closing argument. It appears from the
record 7406 and 7412 Lockwood were two addresses for duplex apartments. Although
counsel on both sides were apparently confused about these numbers, we fail to see how
the exact address is significant in this case. Counsel was not ineffective for failure to
object to this particular argument.

 17. Failure to request a proper jury charge regarding extraneous offenses. After
defense counsel questioned a defense witness as to whether the witness had ever
observed Thomas sell drugs and whether Thomas had a drug problem, the trial court ruled
the door had been opened for the introduction of Thomas' prior arrest and conviction for
possession of a controlled substance. The prosecutor cross-examined the witness
concerning these matters. In its charge to the jury, the court gave the following instruction
without objection:

 You are instructed that certain evidence was admitted before you in
regard to the defendant's having been charged and convicted of an offense
or offenses other than the one for which he is now on trial. Such evidence
cannot be considered by you against the defendant as any evidence of guilt
in this case. Said evidence was admitted before you for the purpose of
aiding you, if it does aid you, in passing upon the weight you will give his
testimony, and you will not consider the same for any other purpose.

 

(Emphasis added). In instructing the jury this evidence was admitted to aid it in
considering the weight it could give "his" testimony, the court was apparently referring to
the testimony of Thomas, except Thomas did not testify. Further, the instruction did not
tell the jury it had to find the truth of such extraneous offenses beyond a reasonable doubt
before it could consider those offenses. Thomas contends his attorneys were ineffective
for failing to object to an improperly worded limiting instruction and in failing to request a
beyond a reasonable doubt instruction. 

 Ex parte Varelas, 45 S.W.3d 627 (Tex. Crim. App. 2001), was a habeas corpus
proceeding after a conviction for capital murder. The petitioner contended his trial counsel
was ineffective because, among other things, he failed to request either a limiting
instruction or a burden of proof beyond a reasonable doubt instruction regarding
extraneous offenses. The Texas Court of Criminal Appeals held that, on proper request,
the defendant was entitled to such instructions. Id. at 631-32. However, with regard to the
claim that counsel was constitutionally ineffective for failing to request such instructions,
the court referred to its prior unpublished opinion, from Varelas' direct appeal, where the
same claim was made:

 In light of the number of ways and the degree to which a defendant
can suffer harm from the admission of extraneous offense evidence, we
have trouble understanding why trial counsel did not request a burden of
proof or limiting instruction regarding these offenses. However, the bare
record does not reveal the nuances of trial strategy. Further, to hold
counsel's actions (or inaction) ineffective in the instant case would call for
speculation and such speculation is beyond the purview of this Court. 
Rather, because of the strong presumptions that trial counsel's conduct falls
within the wide range of reasonable professional assistance and that such
conduct might be sound trial strategy, we must conclude, in light of an
otherwise silent record, that appellant failed to meet his burden of showing
that his trial counsel's assistance was ineffective.

 

Id. at 632; see also Gone v. State, 54 S.W.3d 27, 33-34 (Tex. App.-Texarkana 2001, pet.
ref'd), in which we followed Varelas in this respect and, in very similar claims of ineffective
assistance, held that where the appellate record is silent as to possible trial strategy being
undertaken by defense counsel, we should not speculate and, in light of an otherwise silent
record, the appellant did not meet his or her burden of demonstrating counsel was
ineffective. Likewise, in this case, absent any record as to defense counsel's trial strategy,
we hold Thomas has failed to meet his burden of establishing ineffective assistance of
counsel in this regard. 

 18. Failure to object to Article 38.23(a) charge as given. The following charge
was given to the jury: "You are instructed that under our law no evidence obtained or
derived by an officer or other person as a result of an arrest made without probable cause
shall be admissible in evidence against the accused."

 This instruction was requested by defense counsel. Thomas complains his
attorneys were ineffective for failing to object to the language of their own submitted
instruction. We assume Thomas' complaint is his attorneys were ineffective in failing to
request a proper charge.

 We agree that the charge as given was defective. Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon Supp. 2002) reads as follows:

 No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.

 

In a proper Article 38.23(a) instruction to the jury, the trial court is required to provide the
jury with both an abstract statement of the law and an application to the evidence of that
abstract statement. Braggs v. State, 951 S.W.2d 877, 881 (Tex. App.-Texarkana 1997,
pet. ref'd). Failure to do so is error subject to the standard of review set forth in Almanza. (7) 
Since counsel neither objected nor requested a more specific charge, a reversal on appeal
is available only if the error is so egregious the defendant was deprived of a fair and
impartial trial. Id.

 As noted earlier, Thomas does not challenge the sufficiency of the evidence. 
Neither has he pointed to any evidence in the record raising an issue of the legality of the
seizure of the cocaine. Considering the entire charge, the jury argument, and the
evidence, we find the defective Article 38.23 instruction did not cause Thomas egregious
harm. As we stated in Braggs, and applying the same rationale to Thomas: "[W]e cannot
say that counsel's failure to secure a proper Article 38.23(a) instruction was so serious that
it prejudiced Braggs' defense. Neither can we say that there is a reasonable probability
that but for this deficiency the result of the trial would have been different." Id.

 Thomas' contentions of ineffective assistance of counsel at the guilt/innocence
phase of trial are overruled. 

ALLEGED ERRORS AT PUNISHMENT

 Thomas contends he was rendered ineffective assistance of counsel at the
punishment stage of his trial in three particulars: 1) failure to call witnesses in his behalf;
2) failure to object to the introduction into evidence of judgments and sentences of prior
convictions; and 3) failure to make a closing argument. 

 In Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999), the Texas Court of
Criminal Appeals ruled the two-pronged Strickland standard is applicable to claims of
ineffective assistance at noncapital sentencing proceedings. 

 Thomas' initial contention is that his attorneys were ineffective for failing to call
witnesses at the punishment phase, citing Milburn v. State, 15 S.W.3d 267 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). The court in Milburn did find ineffective
assistance at punishment, but in that case a hearing on a motion for new trial was held and
a record was made that showed twenty of the appellant's relatives and friends were ready
and willing to testify on the appellant's behalf, as well as the appellant's fiancee and
employer, all of whom would have testified favorably. Counsel in that case had not
interviewed any of these potential witnesses, and his purported trial strategy was held to
be below the professional norm of reasonableness. Id. at 270. The court of appeals found
the failure prejudiced the appellant's defense and remanded the case for a new trial on
punishment. Id. at 271.

 The difference between Milburn and this case is there is simply no record from
which we can determine whether counsel acted in a reasonably professional manner in not
calling any witnesses. If there are no witnesses to call, or if the testimonies of such
witnesses would not be beneficial, then counsel acted professionally. As we have
previously noted, any claim of ineffective assistance must be firmly grounded in the record. 
Counsel's failure to call witnesses at the guilt/innocence or punishment phase is irrelevant
absent a showing that such witnesses were available and that the appellant would have
benefited from their testimonies. King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983);
Parmer v. State, 38 S.W.3d 661, 668 (Tex. App.-Austin 2000, pet. ref'd); Kizzee v. State,
788 S.W.2d 413, 416 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd); see also Clark v.
Johnson, 227 F.3d 273, 284 (5th Cir. 2000) (holding trial counsel's failure to present any
available evidence at punishment in capital murder trial was not ineffective assistance
absent any evidence regarding the evidence which should have been presented). Thomas
has failed to establish ineffective assistance of counsel at punishment due to counsel's
failure to call witnesses. 

 Thomas also contends his attorneys were ineffective in failing to object to the
introduction into evidence of State's Exhibits 28, 29, and 30, which were records of two
previous felony convictions for which Thomas served time in prison. However, Thomas
does not direct us to any place in the record showing these exhibits were inadmissible. 
Neither does he explain how an objection would have successfully kept these records out
of evidence. An appellant must show the testimony was subject to exclusion via legitimate
objection before counsel's failure to object constitutes prejudicial behavior. Lee v. State,
29 S.W.3d 570, 577-78 (Tex. App.-Dallas 2000, no pet.); Manley v. State, 28 S.W.3d 170,
174 (Tex. App.-Texarkana 2000, pet. ref'd) ("The failure to object to admissible evidence
cannot be ineffective assistance.").

 Thomas contends the failure of his attorneys to make a closing argument at the
punishment phase was ineffective assistance. Our review of the punishment phase shows
counsel offered no objection to any of the State's evidence, offered no evidence on
Thomas' behalf, and made no argument on Thomas' behalf.

 A complete failure to receive any defense at all in the punishment phase is
presumed to result in prejudice. Strickland, 466 U.S. at 692; Milburn, 15 S.W.3d at 271;
see Blake v. Kemp, 758 F.2d 523, 535 (11th Cir. 1985). Quoting from a Fifth Circuit
opinion, (8) the Houston court noted in Milburn that "[t]he sentencing stage of any case,
regardless of the potential punishment, is 'the time at which for many defendants the most
important services of the entire proceeding can be performed.'" Milburn, 15 S.W.3d at 269. 
That court further noted the sentencing process consists of weighing mitigating and
aggravating factors, and making adjustments in the severity of the sentence consistent with
this calculus. Id. at 270. Milburn lists a number of cases where counsel failed to
investigate and present any mitigating evidence. Id. at 271 n.1. It appears Thomas
received no defense in the punishment phase of this trial. However, what we lack here-but
appears to have been present in Milburn and the cases cited-is any record showing such
mitigating evidence was available, and because of counsel's lack of investigation and
preparation, was not presented. As previously noted, no motion for new trial was filed, and
Thomas has not pointed to specific evidence in the record that was available to his
counsel, but which was not investigated or used. So far as the record shows, there may
have been no mitigating evidence to produce. So far as this Court knows, there may have
been an extensive investigation which turned up nothing. We seriously question the
wisdom of counsel's decision not to make a closing argument at the punishment phase,
but we cannot second-guess counsel's action through hindsight, and the record is silent
as to their strategy in making this decision. 

 In the absence of a record from which we could discern whether Thomas met the
second prong of the Strickland standard, we must necessarily hold that he has failed to
demonstrate ineffective assistance of counsel at the punishment phase of his trial.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: October 17, 2001

Date Decided: February 5, 2002


Do Not Publish


 



 
1. This vehicle was described as "a very large truck," a van, and "a big red delivery
truck." 
2. The Texas Court of Criminal Appeals has noted that rarely will an appellate court
have the opportunity to make its determination regarding ineffective assistance of counsel
on a direct appeal, because such a record may well contain less than adequate inquiry into
possible tactical reasons for actions or omissions of counsel and may completely lack
counsel's own explanation for his actions or inactions. An appellant complaining of
ineffective assistance of counsel should take special care the record contains all available
information regarding the claim. Thompson v. State, 9 S.W.3d 808, 813 n.5 (Tex. Crim.
App. 1999).
3. But see Gochicoa v. Johnson, 53 F.Supp.2d 943, 955-56 (W.D. Tex. 1999), a
habeas case involving a state court conviction for possession of heroin, holding that
counsel's failure to file proper motions to seek the identity of a confidential informant, along
with permitting a prosecution witness to give hearsay testimony, deprived the petitioner of
the effective assistance of counsel. The Fifth Circuit reversed this holding, however, in
Gochicoa v. Johnson, 238 F.3d 278 (5th Cir. 2000). The Fifth Circuit held the district court
had used the wrong standard of review in its determination, finding that under Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant was
not prejudiced by his attorney's alleged failures. Gochicoa, 238 F.3d at 285. The Fifth
Circuit opinion contains no specific discussion of the district court's ruling regarding
disclosure of the confidential informant. However, we note from reviewing both opinions
that in Gochicoa the testimony of the confidential informant was crucial to the prosecution,
which was not the situation here.
4. Standing alone, a suspect's attempt to walk away or flee from
a police officer is generally not sufficient to create probable
cause, even if the suspect flees in a high crime neighborhood.
However, in combination with other facts and circumstances,
flight from an officer may create probable cause where the
defendant persistently attempts to evade capture. 


United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995) (citations omitted). 
5. The prosecutor's remarks: 


 Now, Mr. Boyd testified that the defendant - - he's never known the
defendant to sell or possess cocaine. He said that. But we know that's not
true; don't we? The defendant has a 1999 conviction for possession of a
controlled substance. We also know that in January of this year he was
arrested for the very same offense, not to mention this particular charge that
he's on trial for. 


 Now, I ask you, someone who already has a felony conviction for
drugs, has a January of this year arrest for possession of cocaine, and this
case, do you really think that it's a coincidence that he's the one that's
arrested, that he's the one that runs?


(Emphasis added.)
6. The State's concession: "Considering the evidence presented regarding appellant's
prior conviction for possession of cocaine, it seems unlikely that a reference to his recent
arrest alone would have resulted in a different outcome in this case." 
7. Almanza v. State, 686 S.W.2d 157, 171-74 (Tex. Crim. App. 1984) (op. on reh'g).
8. Vela v. Estelle, 708 F.2d 954, 964 (5th Cir. 1983).