**Steven Michael PITTMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00852–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 16, 1999.

Gary M. Polland, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Panel consists of Justices SEARS, CANNON, and HUTSON–DUNN.*

# OPINION

ROSS A. SEARS, Justice (Assigned).

Appellant, Steven Michael Pittman, appeals his conviction for driving while intoxicated. TEX. PEN.CODE ANN. § 49.04 (Vernon 1994). Appellant pleaded not guilty to the charge and the case was tried before a jury. Upon a finding of guilty, the jury found the enhancement paragraphs true and assessed punishment at thirteen years confinement and a $5,000 fine. In two points of error, appellant complains that the prosecutor made an improper closing argument in the punishment phase and that his trial counsel failed to render effective assistance of counsel. We affirm.

Appellant drove through a traffic light four seconds after it turned red. Houston Police Officer Steven Phares stopped appellant and detected an odor of alcohol on appellant's breath, noticed that his reactions were slow and his speech was slurred. Appellant was also unsteady on his feet, and at one point stumbled. Appellant refused to take any field sobriety test. He was arrested for driving while intoxicated

In his first point of error, appellant contends that he was denied his right to a fair trial when the prosecutor made improper arguments during closing argument of the punishment phase of the trial. During closing argument, the prosecutor made the following statements:

As you know by now, this is the fifth time to be convicted of driving while intoxicated. Let's get something straight here. Those are the times that he was caught and convicted. There is

no telling how many times he didn't get caught—

. . .

he could be intoxicated one day and he could kill one of those people -

. . .

I know one day he is going to kill someone. He is going to kill someone some day—

. . .

He is going to kill someone some day and that's what the law is all about—

. . .

He scares me to death because I know that he is going to kill someone, and I know he can't drive while intoxicated in the pen—

. . .

Once again you all are going to have to decide and once again I am asking for a maximum. That is one place where we know that he can't go kill someone when he is in prison—

. . .

Here's your time to make a decision and it is going to impact a lot of people and Mr. Pittman and somebody down . the road, you can actually convince of killing somebody, maybe his family—

. . .

I want you to all come back with 20 years because you know he can't kill anyone while he is in prison.

▄▄▄ In order to be appropriate, jury argument must fall within one of the following areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. *Hughes v. State,* 878 S.W.2d 142, 157–158 (Tex.Crim.App.1992). We find that the seven statements relating to appellant killing another person are proper pleas for law enforcement. *See Strahan v.*

---

* Senior Justices Ross A. Sears, Bill Cannon, and D. Camille Hutson–Dunn sitting by as-

signment.

*State,* 172 Tex.Crim. 478, 358 S.W.2d 626, 627 (1962); *Bice v. State,* 642 S.W.2d 263, 267 (Tex.App.-Houston [14th Dist.] 1982, no pet.). However, the prosecutor's argument that appellant had probably driven while intoxicated on other occasions but was not caught, is improper.

■ An attorney has the right to explain evidentiary problems, issues, and circumstances in the case. *Robillard v. State,* 641 S.W.2d 910, 912 (Tex.Crim.App. 1982). However a deduction may only be based upon evidence which was actually introduced. *See Lovelace v. State,* 662 S.W.2d 390, 392 (Tex.App.—Dallas 1983, pet. ref'd untimely filed). It is improper for the prosecutor to go beyond the evidence by asserting that the defendant is guilty of crimes not alleged in the indictment or supported by the evidence. *See Melton v. State,* 713 S.W.2d 107, 114 (Tex. Crim.App.1986). Based on the record in this case, we find that the prosecutor's statement was improper.

■ Having determined that the prosecutor's comments fall outside the areas of permissible argument, we must determine whether the error warrants reversal. *See Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App.1998), *cert. denied,* — U.S. ——, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Improper prosecutorial comments and misstatements are not constitutional errors. *Mosley,* 983 S.W.2d at 259; *See Ortiz v. State,* 999 S.W.2d 600, 606 (Tex. App.-Houston [14th Dist.] 1999, no pet. h). We look to three factors to determine whether reversal is required under 44.2(b) in cases concerning improper argument: (1) the severity or magnitude of the remarks, (2) the measures taken to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Mosley,* 983 S.W.2d at 260.

■ Considering the first factor, the record shows that the State did not intentionally attempt to taint the trial process with improper argument. The prosecutor did not make any improper arguments at the guilt/innocence phase. This argument was very brief in the context of the entire argument. The prosecutor's main contention was that appellant might kill someone if he continued to drive while intoxicated. In regard to the second factor, no curable action was taken. The third factor is not applicable here because appellant had already been convicted when the argument was made. *See Cifuentes v. State,* 983 S.W.2d 891, 896 (Tex.App.-Houston [1st Dist.] 1999, no pet. h); *Jamramillo Perez v. State,* 994 S.W.2d 233, 237 (Tex.App.— Waco 1999, no pet. h). Therefore, we will look to the impact that the prosecutor's comment had on appellant's punishment. Appellant had four prior driving while intoxicated convictions. The maximum punishment range, after the State proved the enhancement paragraphs, was twenty years. The prosecutor asked for the maximum. The jury sentenced appellant to thirteen years. Based on the record, we can not conclude that the jury was influenced by the prosecutor's comment and would have given a lighter sentence. We hold that the error was harmless.

In his second point of error, appellant argues that he was denied his right to due process because his appointed attorney failed to render effective assistance. Appellant alleges two errors. First, he complains that during the guilt/innocence phase in closing argument, the prosecutor made a comment that Houston had the highest insurance rates in the United States. Trial counsel objected, but did not obtain a ruling. Second, during the punishment phase, trial counsel failed to object in three instances to the prosecutor saying that appellant might kill someone if he continues to drive while intoxicated.

For counsel to be ineffective at either the guilt/innocence or punishment phase of trial, the attorney's actions must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a defendant to show: (1) that his counsel's representation fell below an objective stan-

**436**

dard of reasonableness, and (2) the probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Hernandez v. State,* 988 S.W.2d 770 (Tex.Crim. App.1999)

 In looking at these requirements, a court is to keep in mind that the right to counsel does not guarantee an error-free counsel or counsel whose competency is judged by hindsight. *See Hernandez v. State,* 726 S.W.2d 53, 58 (Tex.Crim.App. 1986). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App. 1996), *cert. denied,* 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1993). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

Appellant first complains that his trial counsel did not preserve an objection, when the prosecutor said that Houston had the highest insurance rates in the United States. However, the record is silent as to why appellant's trial counsel did not obtain a ruling on his objection. Without such evidence, we cannot determine whether his action was based on strategy or the result of negligent conduct. *Thompson v. State,* 9 S.W.3d 808 (Tex.Crim.App.1999). Trial counsel may have decided that pursuing a ruling may have further alienated the jury, since the matter was inconsequential to the outcome of the trial and may have drawn more attention to the matter. We hold that appellant did not defeat the strong presumption that the decisions of his counsel during trial fell within the wide range of reasonable professional assistance. *See Strickland v. Washington,* 104 S.Ct. at 2065; *Delrio v. State,* 840 S.W.2d 443, 447 (Tex.Crim.App.1992).

Appellant next complains that his counsel failed to object to the prosecutor's statements that appellant might kill someone. Appellant's trial counsel had previously objected to these types of statements, but failed to do so on three occasions during the punishment phase. We have already held that these statements were proper pleas for law enforcement. Because the prosecutor's statements were proper, trial counsel can not be ineffective for failing to object to the statements. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.