Affirmed and Opinion filed May 22, 2003









Affirmed and Opinion filed May 22, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00337-CR

____________

 

CHRISTOPHER LEE IVERY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 891,422

 



 

M E M O R A N D U M   O
P I N I O N








A jury found appellant Christopher Lee Ivery guilty of
possession of more than one and less than four grams of cocaine and sentenced
him to twelve years’ confinement in the Texas Department of Criminal Justice,
Institutional Division.  On appeal,
appellant argues the trial court erred by (1) admitting evidence obtained
during an illegal search, (2) admitting statements appellant made while in
custody and before he was warned of his rights, (3) denying a mistrial when, at
punishment, the State implied appellant had committed an offense greater than
that for which he was convicted, and (4) denying appellant’s motion for
mistrial, when, at punishment, the prosecution advised the jury to start midway
between 25 years and a life sentence before considering aggravating and
mitigating circumstances when assessing punishment.  We affirm.




FACTUAL AND PROCEDURAL BACKGROUND

Sergeant A. B. Nichols of the Harris County Constable=s Office was training a recruit,
Deputy Roderick Shorter.  Shorter was new
to the precinct and unfamiliar with the area. 
They were patrolling the Fifth Ward, an area Nichols characterized as “a
very high narcotic area.”  At
approximately 11:00 p.m. they saw a car run a stop sign, and attempted to pull
it over.  The car did not pull over
immediately, but turned a corner and rolled to a stop near a nightclub that
generated heavy pedestrian traffic.  The
driver jumped from the still-moving car and ran off.  Officer Nichols pursued him, leaving Shorter
alone to secure the scene.

Shorter testified the passenger door was partially open when
he approached the car. Appellant was a passenger in the car.  Shorter asked him to step out of the car and
appellant complied.  While conducting a
pat-down search for weapons, Shorter felt a bulge in the back waistband of
appellant’s pants.  When asked, appellant
said he did not know what it was.  The
bulge was a prescription medicine bottle containing what appeared to be crack
cocaine.  Appellant said he did not know
what it was or to whom it belonged. 
Shorter arrested the appellant, handcuffed him, and placed him on the
ground.  A field test confirmed the
substance in the bottle was crack cocaine. 
Lab tests later revealed the bottle contained 2.62 grams of cocaine.

DISCUSSION








Appellant raises four points of error.  First, appellant argues the court erred by
admitting cocaine found during an illegal search.  Second, appellant argues the court erred by
admitting statements appellant made while in custody and before he was warned
of his rights.  Third, appellant argues
the court erred by refusing to grant a mistrial when, at punishment, the
prosecution misstated one of appellant=s prior convictions.  Finally, appellant argues the court erred by
refusing to grant a mistrial when, at punishment, the prosecution told the
jury  “the Legislature tells you to start
. . . halfway between the 25-year sentence and a life sentence [before]
consider[ing] your aggravating and mitigating circumstances.” 

1.         Suppression of Evidence

First, appellant argues the evidence used against him was the
product of an illegal search. 
Specifically, appellant contends Officer Shorter had no probable cause
to conduct a pat-down because appellant was merely a passenger in a vehicle
stopped for a traffic violation.  Officer
Shorter could not have feared for his safety, he argues, because Shorter was a
foot taller and 50B60 pounds heavier than appellant.  Finally, he argues, it is unlikely that
Shorter believed that the bulge he felt during the pat-downCwhich turned out to be a medicine
bottleCcould have been a weapon.

Review of a trial court=s suppression ruling is
bifurcated.  Guzman v. State, 955
S.W.2d 85, 87 (Tex. Crim. App. 1997). 
While great deference is afforded a trial court=s determination of facts, we review
de novo the trial court=s application of law to those facts.  Id. at 87B88. 
In the absence of explicit findings of historical fact, we review the
evidence in a light most favorable to the trial court=s ruling and assume implicit findings
supporting the trial court=s conclusion.  Carmouche
v. State, 10 S.W.3d 323, 327B28 (Tex. Crim. App. 2000).  When the issue turns on the credibility of a
witness, the trial court is best positioned to apply the law to the facts.  But “if the issue is whether an officer had
probable cause to seize a suspect, under the totality of the circumstances, the
trial judge is not in an appreciably better position than the reviewing court
to make that determination.”  Guzman,
955 S.W.2d at 87.  Here, the court made
no findings of historical fact.  We therefore
review the evidence in a light most favorable to trial court=s ruling.  We review de novo the trial court=s application of Fourth Amendment
standards.  Id.








The Fourth Amendment prohibits unreasonable searches and
seizures.  U.S. Const. amend. IV. 
With few exceptions, warrantless searches are per se unreasonable.  Katz v. United States, 389 U.S. 347,
357, 88 S. Ct. 507, 514 (1967); O’Hara v. State, 27 S.W.3d 548, 550
(Tex. Crim. App. 2000).  An exception
exists, however, when an officer justifiably believes an individual may be
armed and dangerous.  Terry v. Ohio,
392 U.S. 1, 30, 88 S. Ct. 1868, 1884B85 (1968).  Under this exception, an officer may conduct a
pat-down search for weapons.  Id.  To justify the exception, an officer must be
able to identify “specific and articulable facts which, taken together with
rational inferences from those facts, reasonably warrant” the search.  Id. at 21. 

Here, the record supports a finding that Officer Shorter was
justifiably concerned for his safety.  Nichols had already told Shorter they were
patrolling a “very high narcotic area.” 
Late at night the officers saw a vehicle run a stop sign and attempted
to pull it over.  The vehicle turned a
corner before it rolled to a stop near a nightclub that generated heavy
pedestrian traffic.  Instantly, the
driver jumped out and ran.  Officer
Nichols chased the driver, leaving Shorter alone to secure the scene without
backup.  Shorter testified the passenger
door was slightly ajar.  He thought the
passenger, appellant in this case, might run. 
He did not know whether the appellant was armed.  Under these circumstances, Shorter=s concern for his safety was
objectively reasonable.  It also was
reasonable for Shorter to check on the bulge at the back of appellant=s waistband, primarily because of the
suspicious circumstances surrounding its discovery.  Upon feeling it, Officer Shorter asked
appellant what it was; appellant told him he did not know.  This was highly unlikely as it was inside his
pants.  When asked at trial if, in his
experience it could have been a weapon, Officer Shorter said, “possibly.”  And when asked if he had ever encountered a
weapon secreted in that area of the body he replied, “yes.”  Thus, it was not immediately apparent to the
officer if it was a weapon or was not a weapon; he was unsure.  Under these circumstances, it was reasonable
for Officer Shorter to confirm that it was not some sort of weapon.

We hold that Officer Shorter sufficiently identified specific and
articulable facts to warrant a pat-down search of appellant.  Appellant=s first point of error is overruled.

2.         Suppression of Statements

Second, appellant contends his statements made while in
custody were inadmissible without a warning that he had a right to remain
silent.  Tex. Code Crim. Proc. Ann. art. 38.22, ' 3 (Vernon Supp. 2003).  Section three prohibits the use of statements
made “as a result of custodial interrogation” unless the accused was warned of
his rights prior to making the statements. 
Id.  Statements not arising from a custodial
interrogation are admissible.  Id.
' 5.  At issue is whether the appellant’s
statements were made during a custodial interrogation.  We hold they were not.

Custodial interrogation occurs when a law-enforcement officer
questions a person already in custody or “deprived of his freedom of action in
any significant way.”  Miranda v.
Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966); State v.
Waldrop, 7 S.W.3d 836, 839 (Tex. App.CAustin 1999, no pet.).  The threshold question is whether the seizure
can be characterized as a custodial arrest or merely an investigative
detention.  Amores v. State, 816
S.W.2d 407, 411 (Tex. Crim. App. 1991). 
The difference is one of degree. 
An investigative detention is a temporary investigation narrowly
confined to ascertaining a person=s identity or maintaining the status
quo while officers acquire additional information.  Dean v. State, 938 S.W.2d 764, 768
(Tex. App.CHouston [14th Dist.] 1997, no
writ).  A custodial arrest, on the other
hand, is the significant restriction or restraint of a person=s freedom of movement.  Miranda, 384 U.S. at 444, 86 S. Ct. at
1612; Hoag v. State, 728 S.W.2d 375 (Tex. Crim. App. 1987).  “A person is in custody if, under the
circumstances, a reasonable person would believe that his freedom of movement
was restrained to the degree associated with a formal arrest.”  Dowthitt v. State, 931 S.W.2d 244, 254
(Tex. Crim. App. 1996) (emphasis added).








Appellant contends he was under arrest at the time Officer
Shorter conducted the pat- down search.[1]  Appellant argues he was under arrest because “if
he had run the officer would have chased him [and] he had no option but to do
exactly whatever the officer told him to do.”  This is not equivalent to an arrest.  A person is arrested “when he has been
actually placed under restraint or taken into custody by an officer.”  Tex.
Code Crim. Proc. Ann. art. 15.22 (Vernon 1977).  Appellant was neither under restraint nor had
he been taken into custody.

Here, while conducting the pat-down search, Officer Shorter
felt a bulge in appellant’s waistband and asked what it was.  Appellant stated he did not know.  Officer Shorter testified he thought it could
have been a weapon.  Only after Shorter
removed the bulge did he discover it was a prescription medicine bottle
containing a rock-like substance that appeared to be crack cocaine.  After Shorter placed the bottle on the roof
of the vehicle, appellant stated he did not know what it was or to whom it
belonged.  Shorter placed the appellant
under arrest, handcuffed him, and placed him on the ground.[2]  Until Officer Shorter placed the appellant
under arrest, the pat-down search was merely an investigative detentionCa search for weaponsCjustified by Officer Shorter=s reasonable concern for his safety
under the circumstances. 

We hold that the pat-down search was an investigative
detention and not an arrest, and thus the appellant=s statements are admissible.  We overrule appellant=s second point of error.

3.                 
Misstatement of Fact

            Third,
appellant claims the court erred by not entering a mistrial when, at punishment,
the prosecutor argued appellant had committed aggravated robbery.[3]  Appellant claims he was severely prejudiced
by this statement because he had never been convicted of aggravated robbery.[4]  Appellant further argues the statement denied
him due process because it was untrue, made in bad faith, inflammatory, and
violated his right to a fair trial.[5]  We disagree.

Here, during closing arguments at punishment, the prosecutor
misstated one of appellant=s prior convictions. 
Specifically, the prosecutor stated appellant had committed aggravated
robbery while on probation for the unauthorized use of a motor vehicle.  Appellant objected that the statement was
outside the record.  The trial court
immediately sustained the objection and ordered the jury to completely
disregard the statement.  In addition,
after the trial court sustained the objection, the prosecutor corrected himself
and stated the proper conviction.  The
record does not show appellant was harmed by the prosecutor=s misstatement.

We hold that the prosecutor=s misstatement of appellant=s prior conviction was harmless.  Appellant=s third point of error is overruled.

4.         Improper Jury Argument

Fourth, appellant argues the court erroneously denied his motion for a
mistrial after sustaining his objection to the prosecution=s closing argument.  Appellant complains of the following
argument:

[PROSECUTOR]: The way I like to think of it, ladies
and gentlemen, the Legislature tells you to start about the midway point, 62
years, halfway between the 25-year sentence and a life sentence.  Then consider your aggravating and mitigating
circumstances.  In this case there is
[sic] three aggravating facts.  He was
convicted of unauthorized use of a motor vehicle, robbery, and aggravated
assault.








[DEFENSE COUNSEL]: Judge, I have to object to that
argument.  That=s not on the record. 
He wouldn=t even be at 25 if he 4Y

 

THE COURT: Sustain the objection.  You=re not
to in any way consider anything said by district attorneyCthe last statement. 
You are hereby ordered to completely disregard it.  The jury has heard the evidence,
Counsel.  Just stay within the evidence,
please. 

 

Courts have long recognized the following areas of
permissible jury argument: (1) summation of evidence; (2) reasonable deduction
from the evidence; (3) responsive arguments; and (4) pleas for law
enforcement.  Alejandro v. State,
493 S.W.2d 230, 231 (Tex. Crim. App. 1973). 
If the argument falls outside of 
these permissible areasCas we hold it did hereCthe question becomes whether the
error warrants reversal.

Proper harm analysis depends on whether the error is
constitutional or non-constitutional.  Mosley
v. State, 938 S.W.2d 249, 259 (Tex. Crim. App. 1998).  “Improper prosecutorial comments and
misstatements are not constitutional errors.” 
Pittman v. State, 9 S.W.3d 432, 435 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  Non-constitutional errors are
governed by Texas Rule of Appellate Procedure 44.2(b).  Under Rule 44.2(b), any error “that does not
affect substantial rights must be disregarded.” 
Tex. R. App. P.
47.2(b).  Noting that Rule 44.2(b) is
substantively the same as Federal Rule of Criminal Procedure 52(a), the court
in Mosley used three factors federal courts consider when examining
improper jury arguments: (1) the severity of the misconduct; (2) any curative
measures taken; and (3) the certainty of conviction absent the misconduct.  Mosley, 938 S.W.2d at 259.








Applying the three factor test used in Mosley, we first
conclude the prosecutor’s statements were outside the record, clearly improper,
and false.  See Id.  The prosecutor=s argument is a blatant misstatement
of the law.  But, applying the second
factor, the trial court cured the error by immediately instructing the jury to
completely disregard the statement.  “Even
when the prosecutor mentions facts outside the record during argument, an
instruction to disregard will generally cure 
the error.”  Martinez v. State,
17 S.W.3d 677, 691 (Tex. Crim. App. 2000) (en banc) (citing Guidry v. State,
9 S.W.3d 133, 154 (Tex. Crim. App. 1999)). 
In fact, this instruction to disregard was much more stern than most we
see; the trial judge went beyond merely telling the jury to disregard the
statement.  He told the jury not to
consider it in any way and to completely disregard it, and then told the
prosecutor to stay in the evidence.

Finally, we must assess the certainty of punishment absent
the prosecutor’s statement. In Martinez, the Court of Criminal Appeals
held that the third factor applies to punishment, at least in capital
cases.  Martinez v. State, 17
S.W.3d 677, 693 (Tex. Crim. App. 2000). 
We find no reason not to apply the third factor to the certainty of
punishment in non-capital cases.  Here, the
prosecutor urged the jury to find enhancement paragraphs one and two true and
to return a sentence of sixty-two years. 
The jury ignored the prosecutor=s request, found one of two
enhancement paragraphs not true, and returned a sentence of only twelve years.[6]
Based on this record, we cannot say the prosecutor=s argument severely prejudiced the
appellant, as appellant argues.  Nor can
we say the jury would have sentenced appellant to less than twelve years absent
the prosecutor=s improper argument.

We hold that the prosecutor=s improper argument was harmless
error.  We overrule appellant=s fourth point of error.




The judgment of the trial court is affirmed. 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered and Opinion filed May 22, 2003.

Panel consists of Chief Justice Brister, Justices
Fowler and Edelman .

Do Not Publish C Tex. R. App. P. 47.2(b).








 











[1]  Appellant
disputes not only the legality of the arrest but also the point in time the
arrest began.





[2]  Unable to
apprehend the driver on foot, Nichols had taken the patrol car and again left
Shorter alone with appellant.  Exactly
when Nichols retrieved the car and how long he was gone is unclear from the
record.  While Shorter testified he was
alone with the appellant for 20B30 minutes, Nichols testified he looked for the driver
for Aprobably 45 minutes to an hour.@





[3]  Appellant was
charged with aggravated robbery, but pursuant to a plea bargain, the State
reduced the charge to robbery. 





[4]  Appellant had
been convicted of the unauthorized use of a motor vehicle, robbery, and
aggravated assault.





[5]  The gist of
this claim is that by stating appellant had been convicted of aggravated
robbery, the prosecution implied appellant had committed aggravated
robbery. During closing statements, appellant claimed the habitual offender
statute requires a showing that he had actually committed the crimes for
which he was previously convicted, and that neither his convictions nor his
guilty pleas established guilt.  Instead,
he argued, they show only that Ahe pled guilty and went to prison.@  Though the
prosecutor objected to this misstatement of law, the trial court overruled the
objection.





[6]  Had the jury
found both enhancement paragraphs true, the punishment range would have been
twenty-five years to life.  Here,
however, the jury returned a verdict of Anot true@ to the evidence of appellant=s prior aggravated assault conviction.  Because the jury found only one enhancement
paragraph true, the range was two-to-twenty years.