Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed and Memorandum Opinion filed November 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00328-CR

NO. 14-06-00329-CR

NO. 14-06-00330-CR

NO. 14-06-00331-CR

_______________

 

ERIC LENARD SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                               
                                                

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 1026199,
1026200, 1026201 and 1026202

                                                                            
                                                                   

 

M E M O R A N D U M   O P I N I O N








Eric Lenard Smith appeals a
conviction for the aggravated kidnapping of Veronica Armendariz and three
convictions for the aggravated robbery of Armendariz, Jeffrey Escobar, and
Natalie Goffney, respectively,[1] on the
grounds that (1) the evidence was legally and factually insufficient to support
his convictions; and (2) he was denied effective assistance of counsel during
both the guilt/innocence and punishment phases of the trial.  We affirm.

                                                      Sufficiency
of the Evidence

In reviewing legal sufficiency, we
view all of the evidence in the light most favorable to the verdict to determine
whether, based on that evidence and the rational inferences therefrom, a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Williams v. State, __ S.W.3d __, __ (Tex.
Crim. App. 2007).  In reviewing factual sufficiency, we view the evidence in a
neutral light to determine whether the evidence supporting the verdict is so
weak, or so outweighed by the contrary evidence,  that the verdict is clearly
wrong and manifestly unjust.  Roberts v. State, 220 S.W.3d 521, 524
(Tex. Crim. App. 2007), cert. denied, 128 S.Ct. 282 (2007).

In this case, for each of the four
offenses, appellant contends that the evidence is legally insufficient because
it fails to show that he: (1) participated in the offense; (2) used or
exhibited a firearm during the offense; or (3) was criminally responsible for
the conduct of his co-defendants, Jerry Medel and Leslie Rodriguez.  The jury
charge for each offense authorized the jury to convict appellant if Medel or
Rodriguez committed the offense, using or exhibiting a firearm, and appellant,
with the intent to assist the commission of the offense, aided or attempted to
aid Medel or Rodriguez in committing it.








The record contains evidence that at
around 3:30 a.m. on May 7, 2005: (1) the complainants drove to Escobar=s apartment and parked and exited
their vehicles; (2) as Goffney, her boyfriend, Hugh Ausobsky,[2]
and Escobar headed toward Escobar=s apartment, Armendariz stayed behind
to retrieve some items from her car; (3) Medel exited a Matrix (automobile)
that had followed the complainants into the parking lot, approached Goffney,
Escobar, and Ausobsky, and pulled out a gun; (4) while pointing the gun at
Escobar, Medel demanded that Escobar, Goffney, and Ausobsky hand over their
belongings; (5) Rodriguez and appellant also got out of the Matrix and followed
Medel, and, while Rodriguez yelled at everyone to get on the Afloor,@ she started taking Goffney=s shirt and shoes; (6) appellant also
started taking the complainants= belongings, among which was Escobar=s pocket knife that appellant opened
and pointed at Escobar and then at Ausobsky, while continuing to collect their
property; (7) while Escobar, Goffney, and Ausobsky were laying on the floor,
appellant, Medel, and Rodriguez were yelling at them, and appellant and Medel
kicked Escobar several times hard in the side and back; (8) appellant then
approached Armendariz and inquired aggressively about what she had in her bag;
(9) Rodriguez joined appellant, demanded Armendariz=s shirt and belt, then pulled the
shirt off and hit and kicked Armendariz; (10) although Medel instructed
Rodriguez and appellant to take off and leave Armendariz at the scene,
appellant pushed Armendariz into the Matrix and the three then took off with
Armendariz; (11) as Medel drove out of the parking lot, Armendariz was sitting
arched over with her head placed in a 20-pack beer box with appellant sitting
next to her; (12) while in the car, Armendariz felt appellant holding something
that felt like a cold gun against the back of her ear, which caused her painful
scratches, and appellant also threatened her sexually and grabbed her breasts,
causing bruises; (13) although Armendariz was not sure whether appellant had
exhibited a gun or knife when he first approached her in the parking lot, she
was sure appellant had a gun during the car ride; (14) when the Matrix was soon
thereafter stopped by police for a traffic violation, Rodriguez and Armendariz
were still inside, and appellant and Medel attempted to flee on foot, but were
quickly captured; (15) after Goffney, Ausobsky, and Escobar were brought to the
scene, each of them separately identified appellant, Medel, and Rodriguez as
the robbers and identified their property that had been recovered from the
Matrix; and (16) at trial, Goffney, Ausobsky, and Escobar identified Medel and
appellant as the robbers.  Because the foregoing evidence shows that appellant
actively participated and assisted in the robbery and kidnapping, during which
a gun was exhibited and used to threaten the complainants, the evidence is
legally sufficient to support appellant=s convictions.








In support of his factual sufficiency
challenge, appellant contends that: (1) some or all of the complainants stated
that appellant had no gun and didn=t threaten them with a gun; (2) the
complainants contradicted each other about various details, such as which
robber threatened them with a knife; (3) Armendariz could not positively
identify appellant and Medel as the robbers; (4) appellant was not the driver
of the Matrix; (5) appellant appeared to be inebriated and thus unfocused and
lacking in intent to be responsible for the acts of the co-defendants; (6) none
of the witnesses saw appellant kidnap Armendariz; (7) Armendariz never actually
saw a gun being held to the back of her head and did not mention a gun being
put to the back of her head in her handwritten statement; and (8) because all
of the witnesses agreed that it was Medel who had the gun, it was possible that
appellant was acting involuntarily and under duress.  However, even if these
contentions are supported by the record, they are either not probative of
whether appellant participated in the robbery and kidnapping or are not of such
a magnitude as to render the evidence factually insufficient.  Therefore,
appellant=s first two issues, challenging the legal and factual sufficiency of the
evidence, are overruled.

                                                          Ineffective
Assistance

Appellant=s third issue asserts that he was
denied effective assistance of counsel at the guilt/innocence phase of trial
because his counsel failed to: (1) file a motion for an investigator; (2) file
a motion for severance; (3) ask questions during voir dire on the law of
parties; (4) make an opening statement; (5) object to improper jury argument;
and (6) poll the jury.  Similarly, appellant=s fourth issue claims that he
received ineffective assistance of counsel during the punishment phase of trial
because his counsel failed to file a motion for severance and failed to object
to improper closing argument.








To prevail on an ineffective
assistance claim, appellant must show that: (1) his trial counsel's performance
fell below an objective standard of reasonableness; and (2) there is a
reasonable probability that, but for the error, the result of the proceeding
would have been different.  Wiggins v. State, 539 U.S. 510, 521, 534
(2003); Cannon v. State, __S.W.3d __, __ (Tex. Crim. App. 2007).  A
trial counsel=s ineffectiveness must be affirmatively demonstrated by the record, and
the record must ordinarily reflect the reasons for counsel=s actions in order to rebut the
presumption that those actions were reasonable.  See Mata v. State, 226
S.W.3d 425, 430-31 (Tex. Crim. App. 2007).  To warrant reversal where, as here,
trial counsel has not been afforded an opportunity to explain those reasons,
the challenged conduct must be so outrageous that no competent attorney would
have engaged in it.  Roberts, 220 S.W.3d at 533-34.

In this case, appellant contends that
an investigator could have investigated the background of the co-defendants to
determine whether or not a motion for severance needed to be filed.  However,
appellant acknowledges that his prior appointed counsel filed a motion for an
investigator, and the record does not reflect whether an investigation was done
or what information was provided.  The record thus fails to show that appellant=s retained attorney did not have an
investigator or what, if any, information an investigation would have revealed
that his attorney did not have.

Appellant also contends that his
counsel should have filed a motion for severance to prevent the prejudicial
effect of Medel=s prior felony convictions and the fact that Medel was more
culpable and the instigator of the robberies.  Although appellant may have been
entitled to a severance,[3] he has failed
to show what evidence could have been excluded, or other procedural advantage
gained, if appellant had been tried alone rather than with Medel. 
Additionally, appellant fails to consider that he, too, had a substantial prior
criminal record and that his trial counsel could have thought that he would
receive a lesser sentence or otherwise gain sympathy from the jury if he was
tried with a more aggressive co-defendant.[4]








Appellant further asserts that his
counsel was ineffective in failing to ask questions during voir dire concerning
the law of parties.  However, appellant fails to indicate: (1) what matters
concerning the law of parties counsel should have asked about that had not
already been covered by the prosecutor; or (2) what responses would have been
given by the venire panel members who sat on the jury that might have caused
appellant to challenge them for cause or to use his peremptory strikes on them
rather than the other panel members he actually struck.[5]

Appellant similarly contends that his
trial counsel should have made an opening statement to challenge the State=s case and be an advocate for
appellant.  Again, however, appellant fails to specify what aspects of the
State=s case could have been weakened with
opening statement or what aspects of his defense could have been better
advocated with an opening statement; and appellant ignores the tactical reasons
for not giving an opening statement.[6]

Appellant also argues that counsel
should have polled the jury to assure that the guilty verdict was unanimous. 
However, appellant cites no evidence suggesting that any juror might have
answered in the negative if polled or otherwise indicating a reasonable
probability that polling the jury would have produced a different outcome.[7]








Lastly, appellant contends that his
trial counsel should have objected to improper jury argument during both the
guilt/innocence and punishment phases of trial.  Yet, appellant fails to cite
authority that the unchallenged arguments were actually improper and fails to
indicate how an objection to these arguments, even if sustained, could have
produced a better outcome  than refraining to object in order, for example, to
avoid drawing more attention to the arguments.[8]

Because appellant=s third and fourth issues thus fail
to demonstrate ineffective assistance of counsel, they are overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed November 29, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.*

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty in all four
cases and sentenced him to twenty years confinement for each aggravated robbery
and to forty years confinement for the aggravated kidnapping.





[2]           Although present during the offenses,
Ausobsky was not a complainant in these cases.





[3]           See Tex. Code. Crim. Proc. Ann. art.
36.09 (Vernon 2007) (stating that upon a timely motion to sever, the court
shall order a severance when there is evidence showing that there is a previous
admissible conviction against one defendant or that a joint trial would be
prejudicial to any defendant).





[4]           See Miles v. State, 644 S.W.2d 23, 25
(Tex. App.CEl Paso 1982, no pet.) (acknowledging that there could
be trial strategy in trying someone with a better record in a case with a
person with prior convictions in hopes of receiving a lighter sentence).  





[5]           See Goodspeed v. State, 187 S.W.3d
390, 392B93 (Tex. Crim. App. 2005) (holding that, in the
absence of a record of counsel=s reasons for
his actions, failure to ask any questions in voir dire was not so outrageous
that no competent attorney would have engaged in it).





[6]           See Standerford v. State, 928 S.W.2d
688, 697 (Tex. App.CFort Worth 1996, no pet.) (acknowledging that because
presenting an opening statement provides the State with a preview of the
defense strategy, the failure to present an opening statement is a valid
tactical decision).





[7]           See McDade v. State, No. 06‑01‑00134‑CR,
2002 WL 31719501, at *5 (Tex. App.CTexarkana
Dec. 5, 2002,  no pet.) (not designated for publication) (holding that failure to
request polling was not ineffective assistance where record did reflect a need
for polling).





[8]           See Pittman v. State, 9 S.W.3d 432,
436 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (stating that a
trial counsel=s decision not to properly preserve error may have
been to prevent drawing attention to the matter).       





*           Senior
Justice Richard H. Edelman sitting by assignment.