**Affirmed and Opinion filed August 6, 2019**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00054-CR

**DARRYL WAYNE LINDSEY, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the 506th Judicial District Court
### Waller County, Texas
### Trial Court Cause No. 14-12-14947

## OPINION

Appellant Darryl Wayne Lindsey, Jr., was convicted by a jury of aggravated sexual assault of a child and sentenced by the trial court to sixty years in prison. In four issues, appellant contends that he received ineffective assistance of counsel and that the trial court abused its discretion in making certain rulings. For the reasons explained below, we affirm.

## BACKGROUND

In 2014, the complainant and his younger brother were living with their father on a 1,500-acre ranch where the father worked as a ranch hand. Appellant is the boys' cousin. The complainant's father arranged for appellant to watch the boys for a few weeks in August 2014 while the father was working. In September, the complainant made an outcry to his father that appellant had sexually abused him and his younger brother.

In July 2017, the State filed an amended indictment alleging that on or about August 31, 2014, appellant committed the first-degree felony offense of aggravated assault of the complainant, a child under the age of fourteen. *See* Tex. Penal Code § 22.021. The guilt-innocence phase of the trial was presented to a jury over three days in August 2018. The evidence included testimony of the complainant, the complainant's mother and father, law enforcement officers, and experts. Although the complainant's younger brother did not testify, the trial court permitted the State to present evidence of an extraneous offense against the younger brother based in part on evidence that the complainant, his younger brother, and the appellant tested positive for chlamydia, a sexually transmitted disease.

## ISSUES AND ANALYSIS

On appeal, appellant raises four issues: (1) appellant's trial counsel was ineffective; (2) the trial court abused its discretion in ruling that the State's disclosure of material rebuttal evidence did not violate article 39.14 of the Texas Code of Criminal Procedure; (3) the trial court abused its discretion by implying the legal basis for the State's objections in violation of Rule 103(a) of the Texas Rules of Evidence; and (4) the trial court abused its discretion by allowing the admission of a State's exhibit as rebuttal evidence even though the State failed to provide adequate notice under the Texas Rules of Evidence and article 39.14.

## I.      Ineffective Assistance of Counsel

In his first issue, appellant contends that defense counsel was ineffective based on three acts or omissions: (1) failing to object to hearsay regarding an alleged extraneous offense involving the complainant's younger brother; (2) failing to object to the admission and publication of an exhibit containing evidence of the alleged extraneous offense; and (3) failing to adequately investigate appellant's medical history. Because appellant addresses his first two sub-issues together, we will do likewise and address appellant's third sub-issue separately.

### A.      Standard of Review and Applicable Law

To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient by falling below an objective standard of reasonableness, and (2) counsel's deficiency caused the appellant prejudice such that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Thompson*, 9 S.W.3d at 813.

When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of the case without the benefit of hindsight. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson*, 9 S.W.3d at 813. Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must indulge a strong presumption that counsel's conduct was motivated by sound trial strategy. *Rylander v. State*, 101 S.3d 107, 110 (Tex. Crim. App. 2003).

Often a claim of ineffective assistance may not be addressed on direct appeal because the record is not sufficient to conclude that counsel's performance was deficient under the first *Strickland* prong. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012). Trial counsel should ordinarily be afforded an opportunity to explain her actions before being denounced as ineffective. *Id.* at 593. If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B.     Ineffective Assistance Based on Admission of Evidence

In his first two sub-issues, appellant contends that his counsel's conduct allowed the admission of evidence of an alleged extraneous offense involving the complainant's younger brother. Appellant contends that counsel failed to object to hearsay in one instance and the admission and publication of a State's exhibit in another instance. Appellant does not contend that counsel provided ineffective assistance by failing to object to the admission of evidence of an extraneous offense.[1]

### 1.     *No objection to hearsay*

In his first sub-issue, appellant argues that counsel failed to object to hearsay.

---

[1] Although appellant does not directly challenge the admission of evidence of an extraneous offense, appellant's brief includes a discussion of the legal principle that extraneous offense evidence is generally inadmissible. Notably, appellant does not discuss article 38.37 of the Texas Code of Criminal Procedure, which permits evidence of extraneous offenses in prosecutions for certain sexual offenses. *See* Tex. Code Crim. Proc. art. 38.37; *Alvarez v. State*, 491 S.W.3d 362, 367 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). In this case, the trial court held a pretrial hearing concerning whether anticipated evidence that appellant committed an extraneous offense against the complainant's younger brother satisfied the requirements for admissibility under article 38.37. Over defense counsel's objections, the trial court ruled that the extraneous offense evidence was admissible based on the linkage provided by evidence that both boys and appellant tested positive for chlamydia, and the jury was permitted to hear the evidence. Appellant does not challenge the trial court's extraneous offense ruling on appeal.

The record shows that the State called the complainant, then eleven years old, to testify concerning appellant's alleged sexual abuse. Shortly after the complainant testified in detail about how appellant sexually abused him, the State asked the complainant if appellant "touched anybody else's body" in his house, and the complainant answered that appellant touched his younger brother. The following exchange then occurred:

Q.     [Prosecutor:] Okay. How did — how did [appellant] let [the younger brother] know that he was about to do something to him?

A.     [Complainant:] He said it's your turn, [younger brother].

Q.     And did you hear that?

A.     Yes, ma'am.

Q.     Now, when [appellant] was touching [the younger brother], where were you?

A.     In the living room.

Q.     And did you see him touching [the younger brother]?

A.     No, ma'am.

Q.     Did you — did [the younger brother] talk to you about what [appellant] had done to him?

A.     Yes, ma'am.

Q.     And did [appellant] do the same things to [the younger brother] that he did to you?

A.     No.

Q.     Okay. What — tell me what [appellant] did to [the younger brother]?

A.     Touch him, too.

Q.     Touched him, too. But did he do more to you than he did to [the younger brother]?

A.     Yes, ma'am.

Appellant argues that counsel should have objected to the complainant's testimony as hearsay because the testimony reflects that the complainant did not

have first-hand knowledge of what allegedly occurred between appellant and the complainant's younger brother. Appellant also notes that immediately before this testimony, counsel did make a hearsay objection, but the objection was overruled because the testimony met an exception to hearsay.

Although appellant filed a motion for new trial, there is no record of a hearing on the motion for new trial or any direct evidence concerning ineffective assistance or the reasons for counsel's conduct. When direct evidence is not available, we must assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez*, 343 S.W.3d. at 143; *see Thompson*, 9 S.W.3d at 814 (declining to find that representation was ineffective when record did not explain counsel's failure to object to hearsay). An attorney is not necessarily ineffective for failing to object to inadmissible evidence. *McCook v. State*, 402 S.W.3d 47, 52 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd) (citing *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd)).

In this case, it is possible that trial counsel made a strategic decision not to object for the purpose of demonstrating candor and confidence that the evidence was not harmful, or to avoid drawing attention to the testimony. *See, e.g.*, *Pittman v. State*, 9 S.W.3d 432, 436 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that appellant failed to satisfy first *Strickland* prong on silent record when it was possible that counsel did not pursue a ruling on his objection in part because it "may have drawn more attention to the matter"); *Thomas v. State*, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (determining that trial counsel's failure to object to hearsay testimony constituted a plausible trial strategy designed to persuade the jury with his appearance of candor and confidence that the evidence was not harmful). Accordingly, we hold that appellant has failed to overcome the presumption that counsel's performance was deficient. *See Lopez*, 343 S.W.3d at

6

143–44; *Thompson*, 9 S.W.3d at 814–15.

### 2. No objection to admission and publication of exhibit

In his second sub-issue, appellant complains that counsel was ineffective for failing to object to the admission and publication of a State's exhibit. Appellant suggests that counsel was ineffective for failing to "analyze" the exhibit before it was admitted and published to the jury.

The record reflects that during the State's examination of the complainant's mother, the State offered three exhibits containing medical records, including State's Exhibit 12 (SX-12). The State identified SX-12 as containing the medical records of the complainant's sexual assault examination. The State also represented that all three exhibits related to the complainant. The exhibits were admitted without objection. The State then published SX-12 and asked the complainant's mother whether the date on the exhibit corresponded with the day the complainant was seen by a forensic nurse, and the complainant's mother answered that it did. The State did not ask the complainant's mother any further questions about the exhibit.

The State next questioned a witness who reviewed the medical records of the complainant's sexual assault examination. While searching for a specific page of SX-12, the State realized that the exhibit contained the younger brother's medical records rather than those of the complainant. As soon as the mistake was discovered, the State approached the bench and informed the trial court that the wrong exhibit had been admitted and needed to be substituted. Outside the jury's presence, the State withdrew the exhibit and substituted the correct set of medical records without objection. Again, in the absence of specific explanations for defense counsel's conduct, appellant has failed to demonstrate that counsel's performance was deficient. *See Menefield*, 363 S.W.3d at 593.

7

Even assuming counsel's representation fell below an objective standard of reasonableness, appellant has failed to demonstrate that a reasonable possibility exists that but for counsel's unprofessional error, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88; *Thompson*, 9 S.W.3d at 812. Appellant makes a cursory argument that counsel's conduct deprived him of his right to a fair trial, but the record does not reflect how much of the incorrect SX-12 the jury might have seen; no witness was questioned about any substantive information in the exhibit; when the State discovered its mistake, the incorrect exhibit was immediately withdrawn outside the jury's presence and replaced with the correct exhibit; and the appellate record reflects that SX-12 contains the correct exhibit. Appellant does not explain how, on this record, counsel's conduct prejudiced him. Appellant's failure to satisfy either prong of the *Strickland* test defeats an ineffectiveness claim. *See Thompson*, 9 S.W.3d at 813.

## C.     Ineffective Assistance Based on Inadequate Investigation

In his third sub-issue, appellant contends that counsel failed to adequately investigate whether or not appellant received treatment for chlamydia between the time that the allegations arose and the time of trial. According to appellant, counsel's deficient performance denied appellant an opportunity and ample time to formulate any exculpatory or mitigating defense to the accusations against him at trial, when material, rebuttable evidence was introduced and disclosed to trial counsel after the trial had begun.

As mentioned above, the State presented evidence that after the complainant made an outcry, both the complainant and appellant tested positive for chlamydia. The defense presented a medical expert, Dr. Heard, who testified that he met with appellant, took his medical history, reviewed his records, and had him tested for several sexually transmitted diseases, including chlamydia. The test results were

8

obtained in 2017. Dr. Heard testified that appellant did not test positive for chlamydia.[2] Apparently, Dr. Heard was prepared to testify that the result of appellant's earlier testing was a false positive to rebut the State's evidence that both appellant and the complainant had tested positive for chlamydia.

Although the context of appellant's complaint is not discussed in this issue, the record shows that the State impeached Dr. Heard's theory with documents and testimony that were not disclosed to defense counsel until after the trial began. The documents were offered and admitted in State's Exhibit 24 (SX-24), a business record offered through Marianne Williams, as custodian of the business records of the Waller County Sheriff. SX-24 contains the records of appellant's medical treatment at the Waller County Jail. The treatment records include a "progress note" showing that appellant was treated for chlamydia on October 13, 2015. Williams, who is a licensed vocational nurse at the jail, testified that SX-24 confirmed that appellant was treated for chlamydia on October 13, 2015. She also confirmed that once treated, appellant would be expected to test negative for the disease.

Again, however, the record is silent concerning how counsel developed her trial strategy, what investigation she undertook in preparing the strategy, and whether and to what extent she discussed the strategy with appellant. Because trial counsel was not given an opportunity to explain her actions, we cannot say that appellant's conduct was so outrageous that no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593.

Even assuming counsel's conduct was deficient, appellant cannot show prejudice. Dr. Heard agreed that both the complainant and appellant had tested positive for chlamydia, that chlamydia is exclusively a sexually transmitted disease,

---

[2] Dr. Heard testified that appellant did not test positive for chlamydia, but he noted that appellant's test result was positive for "a chlamydia antibody."

and that it is highly indicative of sexual abuse when a child has contracted it. Dr. Heard admitted that he could not say that appellant did not give chlamydia to the complainant. The jury also heard that appellant had access to the complainant in August 2014 and that the complainant made an outcry to his father the following month. Further, the complainant testified in graphic detail how appellant sexually abused him on several occasions. Given the complainant's testimony and the corroborating evidence, appellant has not demonstrated that there is a reasonable probability that, but for counsel's failure to adequately investigate whether appellant was treated for chlamydia between the time the allegations arose and the time of trial, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812.

Having concluded that appellant has not demonstrated that he received ineffective assistance of counsel, we overrule appellant's first issue.

## II.    Admission of Material Rebuttal Evidence in Violation of Article 39.14

In his second issue, appellant contends that the trial court abused its discretion in ruling that the State's disclosure of material rebuttal evidence relating to Dr. Heard did not violate article 39.14 of the Texas Code of Criminal Procedure. Appellant further contends that the trial court's error denied appellant his right to a fair trial and an ample opportunity to formulate a competent defense.

In this issue, appellant's complaint is specifically directed to SX-24 and the testimony of its sponsoring witness, Marianne Williams. When the State offered SX-24, defense counsel objected to its admission, citing the "business record requirement" and article 39.14. The trial court overruled the objection and admitted the exhibit. Defense counsel then asked for and was granted a running objection to the State's examination of Williams about the exhibit.

10

In Texas, criminal defendants do not have a general right to discover evidence in the State's possession, but they have been granted limited discovery by article 39.14 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 39.14; *Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993). Article 39.14 requires the State, upon request, to disclose to the defendant discoverable items that "constitute or contain evidence material to any matter involved in the action" subject to certain statutory limitations. *See* Tex. Code Crim. Proc. art. 39.14(a); *Glover v. State*, 496 S.W.3d 812, 815 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). If the State has not received a request, it only has an affirmative duty to disclose "any exculpatory, impeachment, or mitigating document, item, or information" in its possession, custody, or control "that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." *See* Tex. Code Crim. Proc. art. 39.14(h); *Glover*, 496 S.W.3d at 815.

Appellant acknowledges that no written request appears in the record. Absent a timely request, the State has no obligation under article 39.14 to disclose specific evidence to a defendant. *See* 42 George E. Dix et al., *Texas Practice Series: Criminal Practice and Procedure* §§ 27:86, 27:89.20 (3d ed. 2011 & 2017–2018 Supp.) (explaining that the State's obligation to produce and permit inspection and copying of requested evidence arises "after receiving a timely request from the defendant" (quoting Tex. Code Crim. Proc. art. 39.14(a))).

Appellant makes a cursory reference to the trial court's "Standard Discovery Order" in the record but does not argue that the State violated any particular provision of the order or otherwise discuss it. Assuming for purposes of argument that the order encompasses the complained-of evidence, appellant was required to show that the State had possession, custody, or control of the evidence requested and failed to produce it "as soon as practicable." *See* Tex. Code Crim. Proc. art. 39.14(a).

11

Appellant asserts that the record of appellant's October 13, 2015 treatment for chlamydia should have been provided to defense counsel before trial because it "was created prior to the indictment and in possession of law enforcement." Appellant's assertion is not supported by the record.

The record shows that out of the jury's presence, the prosecutors explained that because they had never received a written report of Dr. Heard's opinions, they did not suspect that Dr. Heard might testify that appellant's test results were a false positive until after the trial began.[3] The prosecutors went back and viewed the results of Dr. Heard's testing, which defense counsel had filed with the district clerk in May 2017, and then subpoenaed the appellant's medical treatment records. The jail collected the records and executed the accompanying business records affidavit on August 8, 2017. According to the State, the records were provided to the prosecutors the next day, and they promptly forwarded a copy to appellant's counsel that same day—one day before Dr. Heard testified.

Appellant appears to suggest that the State could have suspected appellant's strategy as early as May, when defense counsel filed the results of Dr. Heard's test results with the district clerk. But appellant does not explain why the test results should have aroused suspicion when prosecutors had no knowledge of Dr. Heard's anticipated testimony, and appellant admits that the record "does not reflect an exact date certain on which the State gained knowledge of nor obtained SX-24." On this record, appellant has not shown that the State was in possession of the complained-of documents prior to trial and withheld them in violation of article 39.14(a). *See id.*; *see also Reeves v. State*, 566 S.W.2d 630, 632–33 (Tex. Crim. App. [Panel Op.] 1978) (holding that appellant was not entitled to relief when she failed to

---

[3] Defense counsel acknowledged that no written report was ever provided to the State.

demonstrate that business records were in the State's possession before trial and that the State had withheld them contrary to the trial court's order).

Appellant next contends that even without a request from defense counsel, the trial court's ruling violated appellant's constitutional right to a fair trial and the right to develop a competent mitigating or exculpatory defense. *See* U.S. Const. amends. V, VI, XIV. Coexistent with but independent of article 39.14(a), federal due process requires the State to disclose evidence favorable to the defendant that is "material either to guilt or to punishment." *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also* 42 George E. Dix et al., *supra* § 27:58 ("*Brady* is, in part, a right to notice of matters of which a defendant is unaware; Article 39.14(a), on the other hand, is a vehicle for obtaining access to physical things."). The *Brady* rule applies to impeachment evidence as well as exculpatory evidence. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).[4]

Evidence withheld by a prosecutor is "material" if there is "a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different." *Bagley*, 473 U.S. at 682; *Wyatt*, 23 S.W.3d at 27. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. Thus, a due process violation occurs "if a prosecutor: (1) fails to disclose evidence, (2) favorable to the accused, (3) which creates a probability of a different outcome." *Wyatt*, 23 S.W.3d at 27 (citing *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992)).

Appellant argues that SX-24 was material because the State's failure to

---

[4] Similarly, article 39.14(h) requires the State to disclose to a defendant "any exculpatory, impeachment, or mitigating document, item, or information" in the State's possession "that tends to negate the guilt of the defendant." *See* Tex. Code Crim. Proc. art. 39.14(h). Appellant does not refer to the language of article 39.14(h) or argue that the State failed to comply with article 39.14(h). *See* Tex. Code Crim. Proc. 39.14(h).

disclose it to the defense prior to trial "completely derailed" the defense's argument. Although SX-20 undercut Dr. Heard's anticipated testimony that appellant's initial positive test for chlamydia was a false positive, appellant does not explain why evidence that appellant was treated for chlamydia in 2015 was so material that the outcome of the trial would have been different had the evidence been disclosed before trial. Nor does appellant argue that the evidence was favorable to the defense as *Brady* requires. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10 (1976). Given the substantial evidence of appellant's guilt as discussed above in section I(C), we conclude that SX-24 was not material to appellant's case because there is no reasonable probability that the outcome of the trial would have been different if appellant's prior treatment for chlamydia had been disclosed before trial.

Moreover, appellant would have been aware that he was treated for chlamydia and could have informed Dr. Heard of his treatment when Dr. Heard obtained appellant's medical history. Indeed, Dr. Heard testified that he asked appellant about his history of sexually transmitted infections and if he had received any treatment for them in the past. And no evidence suggests that appellant was somehow precluded from obtaining appellant's treatment records directly from the jail. To the contrary, Williams testified that if Dr. Heard had requested the jail records, she would have provided them. The *Brady* rule does not require the State to disclose impeachment or exculpatory evidence if the defendant was actually aware of the evidence or could have accessed it from other sources. *See Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011). We overrule appellant's second issue.

14

## III. Implying the Legal Basis for Rulings

In his third issue, appellant contends that the trial court abused its discretion by implying the legal basis for the State's objections in violation of Rule 103(a) of the Texas Rules of Evidence and thereby prejudiced appellant by denying him his right to a fair trial.

Appellant complains of three specific instances in which he claims that "the trial court implies the basis for the State's objection during the State's cross examination of Dr. Heard." According to appellant, the trial court erred because none of the State's objections "provide[s] a contemporaneous legal basis for the objection." Appellant asserts that "the practical impact of this error prevented Dr. Heard from testifying as to the materiality of the withheld medical treatment records, his underlying opinion regarding the validity of the chlamydia testing done, the extent of his opinion regarding the underlying speculation and the holes in the State's case regarding their reliance on scientific medical testing."

Generally, to preserve a claim of error in a ruling to admit or exclude evidence, the objecting party is required to timely object to the evidence and "state the specific ground for the objection, unless it was apparent from the context." *See* Tex. R. Evid. 103(a)(1). Appellant discusses the rule's requirements and the alleged harm from the trial court's rulings, but appellant does not contend that the State failed to preserve a complaint about the trial court's evidentiary rulings. Instead, appellant argues that the trial court erred by *sustaining* the State's objections when the State purportedly failed to provide a sufficiently specific basis upon which to sustain the objection.

Appellant cites no authorities to support such an application of the evidentiary rule, and it is apparent that appellant is merely attempting to repackage his previously rejected complaints about the State's alleged failure to disclose the contents of SX-24. In any event, of the three examples cited, the first reflects that

15

the State contemporaneously asserted an objection to Dr. Heard's testimony on the grounds that the testimony was nonresponsive. In the second, the prosecutor asked Dr. Heard for the date of appellant's second chlamydia test and, in response, Dr. Heard stated: "So let me describe everything in detail for the jury." The prosecutor responded, "I'm going to object and say I didn't ask you to do that." In the third, the prosecutor stated only "I object" in response to Dr. Heard's answer to a question. Although the second and third objections were not accompanied by a specific legal objection, a review of Dr. Heard's testimony reveals his propensity to volunteer nonresponsive or narrative information well beyond the parameters of the State's question—often to appellant's benefit—such that the basis for the State's objections was apparent from the context. *See id.* We overrule appellant's third issue.

## IV.    Admission of SX-24 as Rebuttal Evidence

In his fourth issue, appellant contends that the trial court abused its discretion by allowing SX-24 to be admitted despite an apparent failure on the State's behalf to provide adequate notice under the Texas Rules of Evidence and article 39.14.

Appellant objected to the admission of SX-24 on the grounds that the State failed to comply with "the business record requirement" and article 39.14. On appeal, appellant does not explain how the State allegedly violated any notice requirement of article 39.14. We will assume for purposes of argument that appellant is referring to article 39.14(k), which provides: "if at any time before, during, or after trial the state discovers any additional document, item, or information required to be disclosed under Subsection (h), the state shall promptly disclose the existence of the document, item, or information to the defendant or the court." *See* Tex. Code Crim. Proc. art. 39.14(k). As discussed above, the admission of SX-24 did not run afoul of article 39.14(k) because the record reflects that the State provided the documents to appellant's counsel the same day the prosecutors received them.

16

Finally, appellant contends that the State violated Rule 902(10) of the Texas Rules of Evidence, which applies to business records accompanied by an affidavit. *See* Tex. R. Evid. 902(10). Appellant argues that the clerk's record "is barren of any notice of intent to file a business record affidavit in regards to the Waller County Jail records." Rule 902(10) includes a requirement that the proponent of the business record "must serve the record and the accompanying affidavit on each other party to the case at least 14 days before trial." Tex. R. Evid. 902(10)(A). This court has held that when records are introduced through the testimony of a live witness, there is no need for the State to give notice under Rule 902(10)(A). *See Harris v. State*, 799 S.W.2d 348, 351 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (citing *Lee v. State*, 799 S.W.2d 913, 917–18 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd)).

Assuming appellant's objection to the "business record requirement" was sufficient to preserve error, the State's questions to Williams established the proper predicate for admission of SX-24. *See Harris*, 799 S.W.2d at 351. Therefore, we hold that the trial court did not abuse its discretion by admitting SX-24 in violation of the notice requirements of either article 39.10 or Rule 902(10). We overrule appellant's fourth issue.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment.

/s/      Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.
Publish — TEX. R. APP. P. 47.2(a).